ISAAC WHITESIDES *v.* W. W. GREEN, Adm'r. &c.

A suit had been brought to Spring term 1867, and the docket at that term showed that an *incipitur* was required by the defendant, before pleading; upon the docket was also this entry, "Plaintiff charges for keeping his mother-in-law;" no pleas were entered until the case was called for trial, at Fall term 1869 ; *Held,* that, as the Court could not tell whether the entry, "Plaintiff charges" &c., at Spring term 1867, was the *incipitur* required, or was, by its vagueness, the occasion of calling for an *incipitur,* and also, considering the subsequent action of the parties respectively, it could not be said that the defendant had impaired his *right* to plead at Fall term 1869, and therefore, that it was erroneous in the Judge below, to restrict him in the exercise of such right, *ex gr.* by refusing to allow him to plead the General-issue.

An administrator, upon an issue in regard to assets, cannot testify to a transaction betwixt himself *and his intestate,* whereby a *prima facie* indebtedness of his own to the estate, was discharged; he may, however, testify as to transactions by himself, *after the death,* which relieve him from the charge of having assets in hand.

ASSUMPSIT, tried before *Logan, J.,* at Fall term 1869, of CLEVELAND Court.

The action had been brought to Spring term 1867, and at that term, an *incipitur* was demanded by the defendant before pleading, and an entry was made upon the docket, "Plaintiff charges for keeping his mother-in-law." No other steps were taken by either party, until Fall term 1869, when the cause was called for trial. At that time the plaintiff asked for judgment for want of a plea, which the Court refused. The defendant proposed thereupon, to plead the General issue, but the Court would not permit it. The pleas put in, were in denial of assets.

As part of his proof upon these issues, the plaintiff showed by one Lattimore, that the latter had seen among the papers of the intestate, after her death, a receipt for $200.00, given to her by the defendant. In reply, the defendant offered to testify, that he had re-paid this money to his intestate, before her death; and also, that after her death, as administrator, he had exhausted the assets, by such and such payments. His Honor excluded this testimony upon both points, and the defendant excepted.

Some other points were made, which the opinion renders it unnecessary to state.

Verdict for the plaintiff; Rule &c.; Judgment, and Appeal.

*Bynum,* for the appellant.
*Phillips & Merrimon, contra.*

RODMAN, J. The difficulty of deciding the first point made in this case, arises, partly from the indefinite way in which the facts are stated, and partly from the uncertainty which

always attends a question of, how far parties have waived or lost their rights, by omitting, through courtesy or indulgence to claim them in due time or manner.

The act of 1868–9, ch. 112 § 80, by its terms, is confined to cases in which administrators had already pleaded; we think therefore it has no application in this case. We must determine this case by inquiring what were the rights of the parties according to the course of practice in the Superior Courts, before the Code; and then how far those rights had been waived by not being asserted in due time. The law (previous to the C. C. P.) required a plaintiff to file his declaration within the first three days of the appearance term, and on his failure, the defendant might move to dismiss the action for want of prosecution. The defendant might dispense with a written declaration altogether, and the course among the bar was to consider that he did so, unless he gave the attorney of the plaintiff some notice to the contrary. As the defendant could require a formal declaration, it follows that he could also require a declaration, which, while stating the plaintiffs' case with sufficient fullness to be intelligible to the defendant, need not be formal: and this is what we understand to be meant by an "*incipitur.*"

But while the defendant might move to dismiss the action for want of a declaration, he was not bound to do so. He might give the plaintiff a longer time to file it in, but unless he dispensed with one, expressly or by presumption, he was not bound to plead untill it was filed. The writ in this action was returned to Spring Term 1867, and at that term the record shows the following entry on the docket in the case: "charges for keeping his mother-in-law," who was the intestate of the defendant. The case states that at the appearance term, "an *incipitur* in writing was required and placed upon the docket." The difficulty is, in saying whether the entry shown on the docket, was placed there after the call for an *incipitur*, and was accepted by the defendant as

a satisfactory response to his demand ; or whether the demand for the *incipitur* was made after the entry on the docket, and by reason of the vagueness of that entry, and was meant to require a fuller statement of the cause of action, in the nature of a bill of particulars. Unless the defendant accepted this entry in lieu of a declaration, he was not bound to plead. As to whether he did accept it, no decisive inference can be drawn from the conduct of the parties, at the appearance term, or afterwards. The defendant did not distinctly object to the entry, and require a further statement, nor did the plaintiff move for judgment for want of a plea until Fall Term 1869, when the defendant offered to plead. We do not think that the mere delay to plead by the defendant, is such a clear proof of his having waived his right to a fuller statement of the plaintiff's cause of action, as to deprive him of the right to plead, and to entitle the plaintiff to a judgment for want of a plea, at Fall Term 1869. If the defendant had then right to plead at all, the right existed unimpaired, and the Judge had no right to put him on terms, or to limit the exercise of his right by any conditions, as he would have had, if the defendant had lost his right, and was asking for an indulgence. We think therefore, that upon this ground, the defendant is entitled to a *venire de novo*, and to be allowed to plead the general issue.

As, probably, the questions respecting the mode of proving the contents of the alleged receipt, and the certificate from Clerk of York district, will not be raised upon another trial, it is unnecessary to say any thing upon them.

The question however respecting the competency of the defendant as a witness, is of a different character, and as the question may be of frequent occurrence, and we think it clear, we see no objection to expressing an opinion. It was said at the bar that there appeared to be a repugnance between ch. VI and ch. VII of Title XIV in the Code of Civil Procedure. It does not appear so to us. The provisions of ch. VI authorize one party to a suit, to examine the adverse party,

and a plaintiff or defendant, to examine a co-plaintiff or a co-defendant, and are confined to cases of that sort. Ch. VII provides for a party becoming a witness for himself. Section 343, in the first sentence, confers the power generally: the proviso (omitting all the words that do not bear on this case) may be read as follows: Provided, that no party to an action shall be examined in regard to any transaction with a person since deceased, as a witness against the administrator, &c., of the deceased, when the witness has, or has had an interest to be affected. But when the administrator shall testify in his own behalf (meaning of course in behalf of the estate) in regard to such transactions, then all other persons not otherwise incompetent may do so. When thus read, stripped of the verbiage inserted in order to make the rule applicable to a large member of analogous cases, it seems sufficiently clear and reasonable. No interested party shall swear to a transaction with the deceased, to charge his estate, because the deceased cannot swear in reply. If however the representative of the deceased will swear to such a transaction, to benefit the estate, fair play requires the rule to be altogether dispensed with.

Let us apply the rule to this case. The plaintiff sought to charge the defendant with assets, by proof of the accountable receipt for $200. The defendant, under the proviso could not discharge himself by testifying to any transaction or comunication with the deceased, because he had an interest to be affected, although he was not swearing against the estate of the deceased, which meets the spirit and meaning of the proviso.

As far as the defendant offered to testify for that purpose, his evidence was properly excluded. But there is no prohibition against the defendant testifying as to any matter other than a transaction or communication with the deceased, and although the mode of taking an administration account by an examination of the administrator before the jury is inconvenient, and the judge might have ordered a

a reference, yet it is not illegal or unprecedented. The only objection which ever existed to an administrator testifying as to his assets in his own behalf, was his interest, and that the statute has removed.

There must be a *venire de novo.* Let this opinion be certified.

PER CURIAM.                    *Venire de novo.*