*MARY D. GREGG and ELIZABETH HARWOOD v. W. H. HILL.

*Evidence—Transaction With Deceased Person.*

In a controversy as to which of two parties was the grantee of a lost deed, the grantor when he stands indifferent between the litigants is ·competent to testify that he made the deed to one deceased at the time of trial.

(*McCanless* v. *Reynolds*, 74 N. C., 301, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of GUILFORD Superior Court, before *Kerr, J.*

The plaintiffs allege that in the year 1853 Andrew Weatherly, then owning a lot of land in Greensboro, for the sum of $2,000 sold and conveyed the same by deed directly to the plaintiff, Mary D., then the wife of D. P. Gregg, or to the plaintiff, Elizabeth Harwood, his trustee for her separate use, and that payment therefor was made out of funds belonging to her separate estate, and that the deed, without having been registered, is lost. The object of the action is to set up the deed and recover possession of the land from the defendant, Hill.

The defendant denies these allegations and says the deed was made directly to D. P. Gregg, the deceased husband, for his own use, and that by successive conveyances the title has vested in himself; and he relies upon several other matters of defence contained in his answer. Thereupon the said Weatherly is made a co-defendant, and he files his answer admitting the sale and conveyance of the lot to the plaintiff, Elizabeth, for the use of the plaintiff, Mary D., and that the contract therefor and its consummation by deed, on payment of the purchase money were effected through the agency of the husband acting on behalf of the trustee.

---

*Dillard, J., having been of counsel did not sit on the hearing of this case.

He sets up no claim to the property and "submits to such orders and decrees of the court touching the title as the court may make." The jury found under the evidence that the deed alleged to be lost, was made by Weatherly to D. P. Gregg in his own right, and ·the court held that the legal estate was in the heirs of Weatherly, now deceased, and that defendant was entitled to have them declared trustees· for his benefit, subject to whatever equities the plaintiffs may establish by reason of Gregg's purchase of the land with their money. Motion for a new trial refused, judgment for defendants, appeal by plaintiffs.

*Messrs. Scott & Caldwell,* for plaintiffs.
*Messrs. Gilmer, Staples* and *T hos. Ruffin,* for defendants.

SMITH, C. J. (After stating the case.) Several issues were prepared and submitted to the jury, all of which may be resolved into the simple inquiry—to whom was the deed made?

On the trial the depositions of the plaintiff, Elizabeth, and the defendant, Weatherly, were offered in evidence for the plaintiffs, and the rejection of portions of the testimony of the latter furnish the only exception we deem it necessary to notice. The excluded evidence is of the act of the witness himself in executing the deed, which His Honor deemed inadmissible as relating to a transaction between the witness and a deceased person under whom the defendant claims within the words of the proviso of C. C. P., § 343. The principle embodied in the proviso, as stated by PEARSON, C. J., in delivering the opinion in *McCanless* v. *Reynolds,* 74 N. C., 301, is, that "unless both parties to a transaction can be heard on oath, a party to an action is not a competent witness in regard to the transaction." It is not necessary, however, to inquire whether the fact proposed to be proved by Weatherly is a "transaction" within the meaning of the Code, as we put our decision upon a distinct and independ-

ent ground. The opposing parties in the action undertake not only to derive their conflicting claims to the land from the same source, but by virtue of one and the same act of conveyance.

The making the deed an essential element in the equity of each against the maker, must be and is conceded by both, and the controversy is solely as to the person to whom the deed was made.

In the determination of this issue the witness has no interest, and to him it is a matter of indifference to which of the contending parties the conveyance shall be made. He is ready and submits to obey the order of the court, and meanwhile as a naked trustee or depository holds the legal estate for the benefit of the successful litigant. In our view the witness does not sustain such relations towards the cause or the controversy that in the effective and concluding words of the proviso, his "examination or any judgment or determination in such action or proceeding can in any manner affect the interest of such witness, or the interest previously owned or represented by him," a condition upon which the incompetency depends.

The sole issue the jury were to pass on is as to the identity of the bargainee in the deed, and the witness has no present interest, nor had or represented any former interest, to be affected by its determination.

We are fully sensible of the difficulties from the long and involved sentences of the section, and the obscurity of its language in putting upon it a reasonable and consistent construction. But we must so interpret its words as to make them subservient to the main purposes for which the enactment was made. In doing this we hold that the witness is not disabled to testify as proposed. In ruling out the evidence there is error, and there must be a new trial.

Error.                                    *Venire de novo.*