ELIZABETH McLEARY v. R. M. NORMENT and others.

*Evidence—Mental capacity to make a deed—Section* 343.

Where a witness testifies to the want of mental capacity in a grantor to make a deed, and that his opinion was formed from conversations and communications between the witness and grantor; *it was held* competent to prove the facts upon which such opinion was founded. Section 343 of the Code does not apply to the facts of this case.

(*Clary* v. *Clary*, 2 Ired., 78; *State* v. *Ketchey*, 70 N. C., 621; *Mason* v. *McCormick*, 75 N. C., 263; *McCanless* v. *Reynolds*, 74 N. C., 301; *Gregg* v. *Hill*, 80 N. C., 255, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of MECKLEN-BURG Superior Court, before *McKoy, J.*

Judgment for defendants, appeal by plaintiff.

*Messrs. Dowd & Walker, Wilson & Son, A. Burwell* and *Shipp & Bailey,* for plaintiff.

*Messrs. Bynum & Grier* and *Jones & Johnston,* for defendants.

SMITH, C. J. The purpose of this suit is to have a deed of conveyance of land, made February 2d, 1867, by the plaintiff to George M. Norment, of whom the defendants are his heirs at law, declared void and ineffectual to pass her estate, by reason of her unsoundness of mind, and the exercise of an undue and fraudulent influence, practiced by the intestate grantee.

Upon issues submitted, the jury find that the plaintiff was competent to execute the deed at the time of its date, and that its execution was not obtained by fraud or improper influence. The plaintiff's appeal presents several exceptions, in relation to evidence refused and received, to the comments of counsel, not arrested by the interposition

of the court, and to the instructions refused and given to the jury, only one of which, decisive of the case, is it necessary to notice and dispose of.

One Harriet Alexander, a niece of the plaintiff, and introduced as a witness in her behalf, testified to her aunt's want of mental capacity to make the deed, and that her opinion was formed from conversations and communications between them. The plaintiff's counsel then proposed to prove those conversations and communications, in order that the jury might see whether the opinion was well founded, and the weight due to it as evidence. The court, on objection, ruled out the offered testimony, and the plaintiff excepted.

It is settled in this state that witnesses, whether experts or not, who have had opportunities, from personal intercourse with another, to form an opinion of his legal competency of mind, may express their opinion, and state the facts upon which it is based. It is so held in *Clary* v. *Clary*, 2 Ired., 78; and *State* v. *Ketchey*, 70 N. C., 621.

The evidence was rejected, as we understand from the course of the argument, upon the ground that it is within the inhibition of the proviso of section 343 of the Code which forbids a witness "who has a legal or equitable interest, which may be affected by the event of the action" to be "examined in regard to any transaction or communication between such witness and a person at the time of such examination, deceased, insane or lunatic," "against a party then prosecuting or defending the action, as executor * * * or as assignee, or committee of such insane person or lunatic," when the interest of the witness may be affected by the result.

The witness who had given to the plaintiff an indemnity against the costs of the suit, if unsuccessfully prosecuted, has an interest similar to that which was held to render the witness incompetent in *Mason* v. *McCormick*, 75 N. C., 263, re-affirmed in the same case on the second appeal in 80 N.

C., 244, if the testimony itself was of the kind intended to be excluded by the statute. The evidence proposed, it will be observed, is not *against the lunatic,* nor *adverse to her interests,* so as to be inadmissible upon the principle deduced from the construction of the act, and thus summarily expressed by Pearson, C. J., in *McCanless* v. *Reynolds,* 74 N. C., 301: "The principle is, that unless both parties to a transaction can be heard on oath, a party to an action is not a competent witness in regard to the transaction." *Gregg* v. *Hill,* 80 N. C., 255. The proposition presupposes an admission or statement, from which an admission may be inferred injurious to the deceased or lunatic, and it is disallowed because the other party is unable to give his version of the matter. In this sense, the evidence would not be received from any source since the declarations are of a party herself, offered on her own behalf and to neutralize the effect of her own act. The proviso proceeds upon the idea that unless both can be heard, it is best to hear neither. But the conversations offered are not to prove any fact stated or implied, but the mental condition of the plaintiff, as declarations are received to show the presence of disease in the physical system. How, except through observation of the acts and utterances of a person, can you arrive at a knowledge of his health of body or mind? As sanity is ascertained from sensible and sane acts and expressions, so may and must any conclusion of unsoundness be reached by the same means and the same evidence. The declarations are not received to show the truth of the things declared, but as evidence of a disordered intellect, of which they are the outward manifestations. Would it not be competent to show an attempt at self-destruction? And do not foolish and irrational utterances equally tend to show the loss of reason when proceeding from the same person? In either case, the conduct and the language may be feigned and insincere, but this will only require a more care-

ful scrutiny of the evidence, and does not require its total rejection. The admissibility of the witness' opinion, resting as it necessarily must, upon past opportunities of observing one's conduct, requires in order to a correct estimate of the value of the opinion, an enquiry into the facts and circumstances from which it has been formed. There seems to be no sufficient reason for receiving the opinion and excluding proof of the facts upon which it is founded.

As an irrational mind manifests itself in irrational and foolish acts and expressions, (and in this view the words are of equivalent import,) so proof of the latter point to the insane source of which they are the offspring and appropriate fruit.

The conversations and transactions mentioned in the code of which a living witness is not permitted to testify, when the other party to it is dead, insane, or lunatic, and unable to give his version of them, do not, in our construction of the language and purposes of the law, embrace such evidence as was here offered and rejected, and is outside the mischief intended to be remedied. There was, therefore, error in arresting the enquiry into the grounds of the witness' belief, although it entered into the antecedent conduct and declarations of the alleged lunatic.

While it is not necessary to pass upon the other exceptions, they may have to be met in another trial, and we will only remark, that the instructions given to the jury, considered in this connection, seem to be as favorable to the plaintiff as she could reasonably ask. The whole controversy turned upon the validity of the deed, as a rational and competent act of the plaintiff, and the presumption arising out of the relations of the parties, and the general presumption in favor of sanity appear to have been fairly and fully explained to the jury. But for the error in reject-

ing the evidence there must be a *venire de novo,* and it is so adjudged. Let this be certified.

Error. *Venire de novo.*