O. B. HATHAWAY v. E. D. HATHAWAY and others.

*Witness—Transaction with person deceased—Section* 590— *Wills.*

A witness, who is a devisee under a script executed in January, is not competent upon trial of an issue *devisavit vel non*, to speak of conversations with the testator tending to impeach a script executed in May thereafter.   As the last may be found to be a revocation of the will previously made, such witness is directly interested in the result of the issue, (THE CODE, § 590,) as to which of the two is the will of the testator.

(*McLeary* v. *Norment*, 84 N. C., 235, cited and approved.)

SPECIAL PROCEEDING heard at Spring Term, 1884, of PITT Superior Court, before *Shepherd, J.*

This was a proceeding commenced by petition in the probate court, to set aside the probate in common-form of a paper-writing purporting to be the last will and testament of Anna Hathaway, executed on May 8, 1879, and for the probate in solemn-form of her will executed on January 27, 1879.

The following issues were prepared and transferred to the superior court for trial :

1. Is the paper-writing dated and purporting to have been executed on the 8th day of May, 1879, or any part thereof, if so, what part, the last will and testament of the said Anna Hathaway ?

2. Is the paper-writing dated and purporting to have been

executed on the 27th day of January, 1879, or any part thereof, if so, what part, the last will and testament of the said Anna Hathaway?

The jury found the first issue in the affirmative and the second in the negative. The facts in reference to proving the declarations of the testatrix are set out in the opinion here.

There was judgment in favor of the plaintiffs from which the defendants, propounders of the will of January 27th, appealed.

*Messrs. Batchelor & Devereux* and *Gilliam & Son,* for plaintiff. No counsel for defendant.

SMITH, C. J. Two scripts bearing the respective dates of January 27th, 1879, and May 8th of the same year, each purporting to be the last will of one Anna Hathaway were offered for probate at the same time by two of the executors of the first, and the sole executor in the last, who is also an executor in the other, but refuses to act with his associates. These are the opposing parties to the twofold contest and *caveat* the scripts. Issues of *devisavit vel non* in respect to both instruments were prepared and submitted to the same jury at the same time.

The propounder of the instrument made in May offered evidence proving the formal execution of that script and desisted. Thereupon the propounders of the script of January introduced one McG. Hopkins who testified to declarations made to him by the testatrix on the day of the date of the last script, tending to show the exercise of undue influence over her mind by the executor therein, the party to whom and his wife the entire estate of the testatrix is given, and that the instrument is not the offspring of her own volition.

After this testimony had been heard, the counsel for the

propounder of the will thus impeached stated to the court that they had just discovered that the witness was a devisee under the first will, and was incompetent under section 590 of THE CODE, to speak of conversations with the deceased, and moved that all such testimony be withdrawn from the jury. The motion was allowed and the propounders of the first, who were caveators to the last will, excepted.

The jury rendered a verdict in favor of the script of May and against that of January preceding, and from the judgment thereon the said propounders of the first will appealed.

The rejected testimony was not offered to show the want of legal capacity in the deceased to make a disposition of her estate, disclosed by her erratic and unnatural acts and utterances, as indications of the diseased intellect from which they proceed, which, as was held in *McLeary* v. *Norment,* 84 N. C., 235, are not within the inhibitions of the statute, but to prove facts, as such, asserted by the testatrix whereof her declarations are the only proof.

This comes within the words and meaning of the act as frequently heretofore expounded, and the only question is whether the witness is personally disqualified to speak of the declaration. For the appellant it is insisted that he is not, and that he has no interest in the determination of the issue as to the last will, to which his testimony is confined. This is a misconception of the relations of the witness to the controversy. If the last script be the will of the testatrix, as it disposes of all her estate, it is a revocation of all others previously made. It is only by putting it out of the way that the other can be established, though probate of it still becomes necessary. The witness then has a direct interest in defeating the probate of the last script, and thus removing a barrier which so long as it remains is insuperable to the probate of the older script. Indeed the affirmative finding that the script of May is the last will of the testatrix is a disposition of the matter in controversy, and dispenses

with the necessity of making any response to the issue as to the other.

The interest of the witness was therefore direct and positive, and there was no error in ruling out the testimony.

There is no error and this will be certified to the end that further proceedings be had in the court below.

No error.                                    Affirmed.