G. W. RAKESTRAW ET ALS. v. JAMES PRATT AND WIFE, EMMA, ET AL.

(Filed 20 November, 1912.)

**1. Deeds and Conveyances — Wills — Mental Capacity—Evidence— Fraud — Undue Influence — Transaction with Deceased—Interpretation of Statutes.**

In an action to set aside a deed or will on the ground of mental incapacity of the maker or testator at the time of their execution, it is competent for a witness, after testifying as to his opinion that the maker or testator was mentally incompetent at the time of the execution of the deed or will, to further testify as to such communications or conversations he had had with him upon which his opinion was founded; and as to such the provisions of Revisal, sec. 1631, prohibiting evidence of transactions with a deceased person, do not apply.

**2. Deeds and Conveyances—Wills—Mental Capacity—Undue Influence—Evidence—Questions for Jury—Appeal and Error.**

The testatrix made her will devising all of her property to one of her daughters and twenty days thereafter executed her deed for the same purpose. At the time of making the will and the deed the testatrix was nearly 84 years of age. A witness, one of her daughters, testified that in her opinion the testatrix was mentally incompetent at the time, and further testified that she was with her mother the day after the will was made, and her mind was very weak and she did not recognize her; told her she had not made a will and the devisee remarked that it was "all a story about the will," which the testatrix did not contradict: *Held*, (1) the execution of the deed being twenty days after the execution of the will, if the fact is accepted by the jury that the testatrix could not remember a day after she made the will that she had done so, it would, under the evidence of this case, be a relevant circumstance as to the intelligent execution of the deed; (2) and if it were established that the testatrix had sufficient mental capacity to make both these instruments, then the assertion of the devisee, in her presence, that the making of the will was "all a story," which was not denied by her, is some evidence on the issue of undue influence; (3) the exclusion of this evidence, in this case, is reversible error.

APPEAL by plaintiff from *Daniels, J.,* at June Term, 1912, of ROCKINGHAM.

Civil action, involving the validity of a deed purporting to have been executed by Nellie Rakestraw to Emma Pratt, one of her daughters, and also involving the validity of the will of said Nellie Rakestraw, now deceased, in which she devised her estate to Emma Pratt, to the exclusion of her other children.

On issues submitted, the jury rendered the following verdict:

1. Is the paper-writing offered in evidence the last will and testament of Nellie Rakestraw? Answer: "Yes."

2. Was Nellie Rakestraw of such unsound mind at the time of the execution of the deed as to render her incapable of executing a deed? Answer: "No."

3. Did James Pratt and his wife, Emma, procure the execution of the said deed by exerting an undue influence over Nellie Rakestraw? Answer: "No."

Judgment on the verdict for defendants, and plaintiffs excepted and appealed.

*C. O. McMichael, P. W. Glidewell, and Watson, Buxton & Watson for plaintiff.*

*A. L. Brooks and H. R. Scott for defendant.*

HOKE, J. From the facts in evidence it appeared that on 7 July, 1908, Nellie Rakestraw, owning two tracts of land and other property, aggregating in value four or five thousand dollars, made her last will and testament, in which she devised and bequeathed her estate to her daughter, Emma, with whom she was then living on the land, and twenty days thereafter, on 27 July, 1908, she executed a deed for this land to her daughter, Emma. In August, 1909, said Nellie Rakestraw died, and her other children and heirs at law, having duly entered a caveat to the will and instituted a suit to set aside the deed, on the ground of mental incapacity and undue influence, the two proceedings were consolidated without objection and the issues tried and determined as heretofore stated.

On the trial there was evidence on the part of plaintiffs tending to show that, at the time of making the will and the deed, Nellie Rakestraw was 84 or 85 years of age, well-nigh physically helpless, and mentally incompetent to make either a will or deed. In support of this position, Mrs. Lou Gann, one of

the daughters examined as a witness, gave it as her opinion that the mother was mentally incompetent at the time of execution of the will and deed, and testified further that the witness was at the home with the mother the day after the will was made, and that her mother's mind was very weak; did not recognize the witness, and that the mother then said to her she had made no will, and also that Emma, in the presence of the mother and another sister, said it was "all a story about the will," and the mother made no reply, etc.

Plaintiffs proposed to prove same or substantially similar facts by Mrs. Martin, another sister, and the evidence was excluded, the court being of opinion that testimony was incompetent under section 1631, Revisal, excluding, in certain cases, testimony of interested parties as to a transaction with deceased persons. The proposed evidence was in support of the opinion just given by these witnesses as to the mental incapacity of the mother, and is not regarded as a "transaction" by our decisions construing the section referred to. In *McLeary v. Norment,* 84 N. C., 235, the Court held: "Where a witness testifies to the want of mental capacity in a grantor to make a deed, and that his opinion was formed from conversations and communications between the witness and grantor, it was held competent to prove the facts upon which such opinion was founded. Section 343 of The Code does not apply to the facts of this case." Section 343 of The Code of that time corresponds to section 1631 of present Revisal. It was urged for the defendant that the evidence had relation only to the issue on the validity of the will, and, even if the ruling was erroneous, it should not be allowed to affect the verdict as to the deed, but we cannot so consider the evidence. The deed was executed twenty days after the execution of the will, and, under the circumstances presented, if the fact is accepted by the jury that, within twenty days of the execution of the deed, the alleged testatrix could not remember for twenty-four hours that she had made a will, this of itself would be a relevant circumstance as to the intelligent execution of the deed. Apart from this, if, as defendant contends, Nellie Rakestraw, the mother, had mental capacity sufficient to execute these instruments, the fact that she allowed the devisee, in her

presence and without protest, to assert that the making of the will was "all a story," when she had just made such a will, this in one aspect might be considered a relevant circumstance on the third issue as to undue influence exercised by such devisee. On a careful perusal of the record, the Court is of opinion that the exclusion of the evidence referred to constitutes reversible error, and the cause must be tried before another jury. It is so ordered.

New trial.