In Re Will of AUGUSTA CHISMAN.

(Filed 24 April, 1918.)

1. **Wills—Execution—Burden of Proof.**

Upon the issue of *devisavit vel non* raised by caveat and tried in Superior Court, the burden of proof is on the propounder to establish the formal execution of the will.

2. **Wills — Affidavits — Solemn Form — Evidence, Corroborative—Evidence, Substantive.**

The affidavits of witnesses to a will probated in common form before the clerk may not be used as substantive evidence on the trial of the issue of *devisavit vel non* in the Superior Court, and is only admitted therein in corroboration of the testimony of such witnesses; and where it is not in corroboration, but such witnesses have testified that they did not know the mental capacity of the testator at the time, the affidavits to the contrary are inadmissible.

3. **Wills — Evidence — Deceased Persons — Conversations — Witnesses— Interest.**

Testimony of a principal beneficiary under a will being tried in solemn form, upon caveat filed, that the testator told her she was "willing" her her property, and that she, the testatrix, had changed a former will, etc., is incompetent as a conversation with a deceased person, under Revisal, sec. 1631, by one interested in the result of the action, and directly tending to establish mental capacity and lack of undue influence. *Rakestraw v. Pratt*, 160 N. C., 437, cited and distinguished.

APPEAL by William Wade Chisman, Mary Carr Williamson, and H. H. Williamson, caveators, from an issue of *devisavit vel non,* tried before *Harding, J.,* at Fall Term, 1917, of STOKES, upon the following issue:

Is the paper-writing propounded for probate and every part thereof the last will and testament of Mrs. Augusta Chisman? Answer: "Yes."

From the judgment rendered caveators appealed.

*Louis M. Swink and J. E. Alexander for propounders.*
*N. O. Petree, C. O. McMichael, and E. B. Jones for caveators.*

BROWN, J. After the two witnesses to the will, Franklin and Young, had been examined, the propounders offered their affidavits taken before

the clerk when the will was probated in common form. These were admitted as corroborative evidence.

The probate of a will in common form is an *ex parte* proceeding, and no one interested is before the clerk except the propounders and witnesses. When an issue of *devisavit vel non* is raised by caveat, it is tried in the Superior Court in term by a jury. Upon such trial the propounder carries the burden of proof to establish the formal execution of the will. This he must do by proving the will *per testes* in solemn form. He must call the subscribing witnesses or by accounting for their absence resort to the next best competent evidence obtainable. *In re Hedgepeth,* 150 N. C., 151. The proceedings in common form before the clerk are *ex parte,* and not binding on the caveators, who were not parties. The affidavits of the witnesses are not substantive evidence, except in certain cases provided by the statute.

After the witnesses for the will have been sworn and examined, their affidavits are competent evidence only to corroborate them and the affidavits of Franklin and Young were so offered. The objection that the affidavits did not tend to corroborate the witnesses should have been sustained.

It was the mental capacity of the testatrix, as well as undue influence, that was in issue. Upon their examination as witnesses when subject to cross-examination, both witnesses testified that they did not know what her mental condition was and could not testify to it. In their affidavits taken by the clerk in the usual formula, the witnesses deposed that "Mrs. Augusta Chisman was of sound mind and memory."

The affidavits did not corroborate the witnesses and not being corroborative, they should have been excluded. As presented to the jury, they had the force and effect of substantive evidence as to her mental condition. Evidence competent solely as corroborative must tend to corroborate, otherwise it should be excluded.

Upon the trial Mrs. Martha Hanes, the principal beneficiary under the will, was offered as a witness by the propounders. She was asked this question:

"What do you know about the preparation of this will, if anything?

"Objection by caveators. Overruled. Exception by caveators.

"A. She told me she had made her will willing me her property; that she had changed the first will leaving my sister out, and that she copied this from the first will so that she would know that it was written correctly."

The objection should have been sustained, as the witness was a beneficiary and directly interested in the result of the proceeding.

As long ago as 1879 it was held that the propounders and caveators to a contested will are *parties* to the proceeding within the spirit and

meaning of section 343, Code, now Revisal, sec. 1631, which excludes the testimony of parties in certain cases. *Pepper v. Broughton,* 80 N. C., 251.

It is true that this Court has held in *McLeary v. Norment,* 84 N. C., 235, and more recently in *Rakestraw v. Pratt,* 160 N. C., 437, that "In an action to set aside a deed or will on the ground of mental incapacity of the maker or testator at the time of its execution, it is competent for a witness, after testifying as to his opinion, that the maker or testator was mentally incompetent at the time of the execution of the deed or will, to further testify as to such communications or conversations he had had with him upon which his opinion was founded; and as to such the provisions of Revisal, sec. 1631, prohibiting evidence of transactions with a deceased person do not apply."

This case, however, does not come within the scope of those precedents.

The evidence of the witness tended directly to establish the will and to prove that it was the free and voluntary act of the testatrix and also to contradict the charge of undue influence alleged by the caveators and submitted to the jury under the issue.

It is held that a witness, devisee under a will executed in January, is not competent upon a trial of an issue of *devisavit vel non,* to speak of conversations with testator tending to impeach a will executed in May thereafter. *Hathaway v. Hathaway,* 91 N. C., 139.

Again it is held that it was not competent to prove by a witness caveator, interested in the result, declarations of testator offered for the purpose of showing undue influence. *Lineberger v. Lineberger,* 143 N. C., 229.

The conversation with the testatrix testified to by the witness was not a casual conversation upon some indifferent subject, admitted in evidence as a basis for forming an opinion upon the sanity of the testatrix, but the declarations constitute very vital evidence tending to establish the will and to rebut the charge of undue influence. Such declarations may not be proven by a witness interested in the result of the action. *Bunn v. Todd,* 107 N. C., 266.

New trial.