J. H. WHITE AND J. E. WHITE, TRADING AS J. H. & J. E. WHITE, v. M. E. EVANS, ADMR. OF J. W. LANGDALE, DECEASED.

(Filed 24 September, 1924.)

**Deceased Persons—Evidence—Statutes—Appeal and Error—Prejudice.**

Where a father is sought to be held liable as an original promissor to pay a debt for the son for goods sold and delivered to the son, in an action against the administrator of the deceased father, testimony of the plaintiff that the deceased father had sent him to the son for collection of a certain amount thereof is concerning a transaction between the plaintiff and a deceased person, prohibited by C. S., 1795, and is reversible error, though conflicting inferences may be drawn therefrom.

APPEAL by defendant from *Brown, J.,* at May Term, 1924, of BERTIE.

Civil action to recover against the estate of J. W. Langdale for goods sold and delivered to Charles and Frank Langdale, sons of the deceased, it being alleged that the father of the two boys had become responsible, on his original promise, for the payment of the account.

Verdict and judgment for plaintiffs. Defendant appeals.

*Gillam & Davenport for plaintiffs.*
*Winston & Matthews and Craig & Pritchett for defendant.*

STACY, J. This is an action brought by plaintiff against the administrator of the estate of J. W. Langdale to recover on an account for goods sold and delivered to Charles and Frank Langdale, sons of the deceased, it being alleged that the father of the two boys, during his lifetime, had agreed to become originally responsible for the account. *Taylor v. Lee,* 187 N. C., 393.

J. E. White, one of the plaintiffs, was permitted to testify that on one occasion he went to Frank Langdale and collected $25.00 on the account. He added: "I told him that I needed some money, and that his father had sent me to him." Motion by defendant to strike out this remark; overruled and exception. It will be observed that this action is not against Charles and Frank Langdale. The administrator of the estate of J. W. Langdale alone is being sued. This bit of evidence permits the inference, and it was so argued to the jury, that the deceased, by sending the witness to his son for payment, thereby recognized his own liability for payment of the account. This necessarily involved a personal transaction or communication with J. W. Langdale, who is now dead, and such may not be offered as evidence against his administrator under C. S., 1795.

In reply to this position, it is said the objectionable part of the testimony of the interested witness is also susceptible to exactly a contrary inference, namely, that the deceased sent the witness to Frank Langdale for collection of the account because he did not recognize any personal responsibility for its payment. It is, therefore, contended that, even if objectionable, the admission of such evidence was harmless, as the jury might have drawn either conclusion from it. To accept this view would be to set the statute at naught by a balance of inferences from incompetent evidence. We are not permitted to disregard the statute on a doctrine of inferential chances or probabilities as to its effect upon the jury. The law is otherwise. No exception of this kind is to be found in the statute.

We think a fair test in undertaking to ascertain what is a "personal transaction or communication" with the deceased about which the other party to it cannot testify is to inquire whether, in case the witness testify falsely as to what transpired between them, the deceased, if living, could contradict it of his own knowledge. *Carey v. Carey,* 104 N. C., 171. Death having closed the mouth of one of the parties, it is but meet that the law should not permit the other to speak of those matters which are forbidden by the statute. Men quite often understand and interpret personal transactions and communications differently, at best; and the Legislature, in its wisdom, has declared that an *ex parte* statement of such matters shall not be received in evidence. Such is the law as it is written, and we must obey its mandates.

The admission of incompetent evidence, as above indicated, entitles the defendant to a new trial; and it is so ordered.

New trial.