IN RE WILL OF THOMAS S. MANN.

(Filed 6 October, 1926.)

**Wills—Evidence—Transactions and Communications—Deceased Persons —Statutes—Beneficiaries—Executors and Administrators.**

The rule that one interested in a will as a beneficiary and executor may not testify to any transaction or communication with the deceased beneficial to his own interest, unless in rebuttal, under the inhibition of C. S., 1795, does not apply to his testifying to the identity of certain papers as being those which he had previously seen in the testator's presence; nor to the fact that it was the same "will," when only for the purpose and effect of the identification of the sheets in question.

APPEAL by caveators from *Dunn, J.,* at January Term, 1926, of CARTERET.

IN RE MANN.

Issue of *devisavit vel non*, raised by a caveat to the will of Thomas S. Mann. Alleged want of proper execution, mental incapacity and undue influence are the grounds upon which the caveat is based.

The verdict establishes: (1) That the paper-writing propounded was duly executed and published in manner and form as prescribed by statute for the execution and publication of wills; (2) that Thomas S. Mann had sufficient mental capacity to make and execute the same as his last will and testament; (3) that the devise made therein to W. H. Bell, and his appointment as executor, were not procured by undue influence; and (4) that the paper-writing propounded, and every part thereof, is the last will and testament of Thomas S. Mann, deceased.

From a judgment on the verdict sustaining the will and ordering it to probate, the caveators appeal, assigning errors.

*E. H. Gorham, W. C. Gorham and Ward & Ward for caveators.*
*C. R. Wheatly and Luther Hamilton for propounders.*

STACY, C. J. A careful perusal of the record leaves us with the impression that the matter has been heard and determined substantially in accord with the principles of law applicable, and that the validity of the trial should be upheld. All questions in dispute have been settled by the verdict, and no action or ruling on the part of the trial court has been discovered by us which we apprehend should be held for reversible error.

The only question presented by the appeal, not heretofore settled by a number of decisions, is the one raised by the following objections to the testimony of W. H. Bell, beneficiary and executor under the will, and one of the propounders:

"Q. Mr. Bell, examine that paper-writing, please, and state whether or not you have seen it before. (Objection; overruled; exception.)

"A. Yes, sir, I have seen it before. I am the Bell mentioned in that paper-writing as executor and I drew the paper-writing, (referring to the three sheets in controversy).

"Q. Mr. Bell, those three sheets you have there, were they the same sheets attached then as they are now, at the time of the execution? (Objection; overruled; exception.)

"A. Yes, sir.

"Q. Were they attached then? (Objection.)

"Q. By the court: Is the will now as when he wrote it? (Objection; overruled; exception.)

"A. Yes, sir."

It is urged that this testimony should have been excluded as violative of the rule against admitting evidence of personal transactions or com-

munications between the interested party and the deceased, but we do not think the evidence in question falls within the inhibition of the statute.

True, it has been held that, in a proceeding of this kind, both propounders and caveators are "parties" within the meaning and spirit of C. S., 1795, which disqualifies a party or person interested in the event from testifying as a witness in his own behalf against the executor, administrator or survivor of a deceased person, concerning a personal transaction or communication between the witness and the deceased, except where the executor, administrator or survivor, is examined in his own behalf, or the testimony of the deceased person is given in evidence concerning the same transaction or communication. *In re Chisman,* 175 N. C., 420; *In re Harrison,* 183 N. C., 457; *Pepper v. Broughton,* 80 N. C., 251. The exclusion of such testimony rests not merely upon the ground "that the dead man cannot have a fair showing, but upon the broader and more practical ground that the other party to the action has no chance by the oath of the relevant witness to reply to the oath of the party to the action." *McCanless v. Reynolds,* 74 N. C., 301. Men quite often understand and interpret personal transactions and communications differently, at best; hence, the Legislature, in its wisdom, has provided that an *ex parte* version of such matters may not be received in evidence except as above stated and as further provided by the statute. *White v. Evans,* 188 N. C., 212; *Sherrill v. Wilhelm,* 182 N. C., 673; *Ins. Co. v. Jones,* 191 N. C., 176. The reason for the provision was stated by *Rodman, J.,* in *Whitesides v. Green,* 64 N. C., 307, as follows: "No interested party shall swear to a transaction with the deceased, to charge his estate, because the deceased cannot swear in reply. If, however, the representative of the deceased will swear to such a transaction, to benefit the estate, fair play requires the rule to be altogether dispensed with."

Here, the testimony of W. H. Bell, though a party and interested in the event, is not incompetent, because it does not concern a personal transaction or communication between himself and the deceased. The evidence deals only with independent facts and matters of which the witness was able to speak of his own knowledge and observation, without regard to what was done or said by the deceased. *Johnson v. Cameron,* 136 N. C., 243.

In *Lane v. Rogers,* 113 N. C., 171, it was held that the interested witness might say she saw a memorandum book in the hands of the deceased, at the time and place in question, but not that the deceased handed her the book. And in *Peoples v. Maxwell,* 64 N. C., 313, it was held competent for an adverse party to the action to prove the handwriting of the deceased if he knew it, but not to testify that he saw

the deceased sign the paper-writing. In that case, the written receipt was executed to the witness, and hence the actual signing was a transaction between the witness and the deceased. To same effect is *Bright v. Marcom,* 121 N. C., 86. But here the witness only testified to what he saw; that the paper-writing was the same then as now, and that it consisted of three sheets of paper, attached together. He did not testify to any personal transaction between himself and the deceased. *Carroll v. Smith,* 163 N. C., 204; *McCall v. Wilson,* 101 N. C., 598; *Ballard v. Ballard,* 75 N. C., 191. The witness did not say the will was executed by the deceased. It is true, he was asked if the will is now "as when he wrote it," and if the three sheets were attached "at the time of the execution" as they are now? But these expressions were used to designate the time in question, and the witness so understood them. The answers relate only to what he saw and not what was done by the deceased. The objections to the evidence were properly overruled. *In re Harrison, supra.*

The validity of the trial must be upheld.