## IN RE WILL OF BYRON BROWN.

(Filed 19 October, 1932.)

**1. Evidence D b—In caveat proceedings neither propounders nor caveators may testify as to transactions with deceased.**

Under the provisions of C. S., 1795, a party or person interested in the event, or a person under whom such party or person interested derives his interest, may not testify in his own behalf against the executor, administrator or survivor of a deceased concerning transactions or communications with the deceased except where testimony of the same transaction is introduced by the representative of the deceased, and propounders and caveators are parties interested in the event within the meaning of the statute.

**2. Same—Heirs at law may testify as to transactions with deceased in order to show basis of their testimony relating to mental capacity.**

Heirs at law of a deceased are not excluded by reason of their interest in the event from testifying as to the mental capacity of the deceased upon the issue of mental capacity raised upon caveat of his will, and it is competent for them to testify concerning transactions or communications with the deceased for the purpose of showing the basis of their opinions relative to the mental capacity of the deceased, and where the charge of the trial court instructs the jury upon the reception of such evidence in accordance with this rule within the understanding of the jury, the charge will not be held for error in that the jury were instructed not to consider such testimony of transactions with the deceased as "substantive" evidence.

**3. Evidence K b—Nonexpert witness may testify, from observation, as to sanity of certain person.**

It is not required that a witness be an expert in order to be qualified to testify, from observation, whether a certain person was sane or insane.

**4. Trial E g—Instructions will be construed as a whole.**

The instructions of the trial court will be construed as a whole, and the charge will not be held for error when it clearly and correctly states the law within the understanding of the jury when so construed.

APPEAL by caveators from *Small, J.,* at May Term, 1932, of WARREN.

Issue of *devisavit vel non,* raised by a caveat to the will of Byron Brown, late of Warren County, based upon alleged mental incapacity.

It appears from the record that the caveators offered nineteen witnesses, three of them daughters of the deceased, who gave evidence tending to show mental incapacity at the time of the execution of the paperwritings propounded as the will, and codicils thereto, of the alleged testator.

The propounders offered twenty-six witnesses in reply who gave evidence of his mental capacity to make a will when the paper-writings

in question were executed. The preponderance of. the evidence, it is said, was greatly in favor of the propounders.

The following instruction concerning the testimony of the three interested witnesses, daughters of the deceased, forms the basis of the 12th exceptive assignment of error:

"The court has instructed you heretofore that certain evidence (the testimony of Lucinda Davis, Elizabeth Davis, and Ellen Jones) was admitted of persons claiming under the will, that is, certain instances upon which they based their testimony he did not have mind enough to know the objects of his bounty, to know his children and their claims upon him, and the scope and effect of a will. That testimony is admitted when testified to by those who are claiming under the will, not as substantive testimony, but is admitted as evidence to be considered by you in connection with other testimony, as showing the basis of opinion of these witnesses. That is, an heir to a deceased person, or one claiming under a will, or an heir who is trying to upset the will, is allowed to testify that in his or her opinion the deceased did not have mind enough to know his property, his children, the claims his children had upon him, and the scope and effect of a will, and then there is an exception to the rule wherein such witnesses can testify to transactions or conversations between them and the deceased—in this case their father—and they are allowed to testify, not as substantive testimony, but as showing upon what they base their opinion of the mental capacity of the deceased."

From a verdict and judgment declaring the paper-writings propounded to be the last will and testament of the deceased, the caveators appeal, assigning errors.

*Kerr & Kerr and Yarborough & Yarborough for caveators.*
*George C. Green, Perry & Kittrell and Julius Banzet for propounders.*

STACY, C. J. The case turns on the twelfth assignment of error.

The three daughters of the deceased, parties interested in the event, testified that their father did not have sufficient mental capacity to make a will when the paper-writings propounded as such were executed. They then related a number of personal transactions and communications had with the deceased, upon which they based their opinions.

Was the testimony relating to these transactions and communications competent as substantive evidence?

It has been held that, in a proceeding of this kind, both propounders and caveators are "parties" within the meaning and spirit of C. S., 1795, which disqualifies a party or person interested in the event, or a person under whom such party or person interested derives his interest,

from testifying as a witness in his own behalf against the executor, administrator or survivor of a deceased person, concerning a personal transaction or communication between the witness and the deceased, except where the executor, administrator or survivor, is examined in his own behalf, or the testimony of the deceased person is given in evidence concerning the same transaction or communication. *In re Mann,* 192 N. C., 248, 134 S. E., 649; *In re Chisman,* 175 N. C., 420, 95 S. E., 769.

The disqualification of such witnesses to give evidence concerning personal transactions or communications had with a decedent, rests not merely upon the ground "that the dead man cannot have a fair showing, but upon the broader and more practical ground that the other party to the action has no chance by the oath of the relevant witness to reply to the oath of the party to the action." *McCanless v. Reynolds,* 74 N. C., 301. Men quite often understand and interpret personal transactions and communications differently, at best; hence, the Legislature, in its wisdom, has provided that an *ex parte* version of such matters may not be received in evidence except as above stated and as further provided by the statute. *White v. Evans,* 188 N. C., 212, 124 S. E., 194; *Sherrill v. Wilhelm,* 182 N. C., 673, 110 S. E., 95; *Insurance Co. v. Jones,* 191 N. C., 176, 131 S. E., 587. The reason for the provision was stated by *Rodman, J.,* in *Whitesides v. Green,* 64 N. C., 307, as follows: "No interested party shall swear to a transaction with the deceased, to charge his estate, because the deceased cannot swear in reply. If, however, the representative of the deceased will swear to such a transaction, to benefit the estate, fair play requires the rule to be altogether dispensed with."

Unless both parties can be heard, it is better to hear neither, because it not only has the appearance of unfairness, but, where only one participant can speak, it affords an easy opportunity, and a temptation perhaps, to commit perjury. *Bissett v. Bailey,* 176 N. C., 43, 96 S. E., 648.

> "If self the wavering balance shake,
> It's rarely right adjusted."—Burns, Epistle to a Young Friend.

It is conceded that the testimony of parties and persons interested in the event, concerning personal transactions or communications had with a decedent, is not within the inhibition of C. S., 1795, when such testimony is offered to show the basis of the opinions of the witnesses relative to the mental capacity of the deceased. *In re Hinton,* 180 N. C., 206, 104 S. E., 341; *Bissett v. Bailey, supra; In re Will of Stocks,* 175 N. C., 224, 95 S. E., 360. Witnesses prohibited from testifying to per-

sonal transactions or communications with a decedent, by reason of their relation to the action or the interest which they may have in its outcome, are not thereby excluded from giving their opinions as to his mental condition. *Rakeslraw v. Pratt,* 160 N. C., 436, 76 S. E., 259; *Erwin v. Fillenwarth,* 160 Iowa, 210, 137 N. W., 502; 22 C. J., 603. "And so are held to be competent, as outside the purpose of the statute, declarations and acts of the deceased upon a question of mental capacity, through whatever witness the testimony is. derived." *Halliburton v. Carson,* 100 N. C., 99, 5 S. E., 912.

It is otherwise on the issue of undue influence. *Hathaway v. Hathaway,* 91 N. C., 139; *In re Will of Chisman, supra; Linebarger v. Linebarger,* 143 N. C., 229, 55 S. E., 709. But there is no question of undue influence raised by the present caveat.

Evidence concerning personal transactions or communications with a decedent is not prohibited by the statute, but only certain witnesses from giving it. *In re Mann, supra; Erwin v. Fillenwarth, supra.* Indeed, such evidence may be the best and most pertinent to the .issue. *In re Will of Stocks, supra.* "The declarations are not received to show the truth of the things declared, but as evidence of a disordered intellect, of which they are the outward manifestations. . . . The admissibility of the witness' opinion, resting, as it necessarily must, upon past opportunities of observing one's conduct, requires, in order to a correct estimate of the value of the opinion, an inquiry into the facts and circumstances from which it has been formed. There seems to be no sufficient reason for receiving the opinion and excluding proof of the facts upon which it is founded." *McLeary v. Norment,* 84 N. C., 235.

It has likewise been held in this jurisdiction that a witness, expert or other, who has had opportunity of knowing and observing the character of a person, whose sanity or mental capacity is assailed or brought in question, may not only depose to the facts he knows, but may also give in evidence his opinion or belief as to the sanity or insanity of the person under review, founded upon such knowledge and observation, and it is for the jurors to ascribe to his testimony that weight and credibility which the intelligence of the witness, his means of knowledge and observation, and all the circumstances attending his testimony, may in their judgment deserve. *Clary v. Clary,* 24 N. C., 78.

Anyone who has observed another, or conversed with him, or had dealings with him, and a reasonable opportunity, based thereon, of forming an opinion, satisfactory to himself, as to the mental condition of such person, is permitted to give his opinion in evidence upon the issue of mental capacity, although the witness be not a psychiatrist or expert in mental disorders. *White v. Hines,* 182 N. C., 275, 109 S. E., 31.

"One not an expert may give an opinion, founded upon observation, that a certain person is sane or insane." *Whitaker v. Hamilton,* 126 N. C., 465, 35 S. E., 815.

It will be observed that the exception is not to the competency of the evidence, which was admitted, but to the limitation of its use as contained in the court's charge. While the learned judge may have been infelicitous in the use of the word "substantive," nevertheless, interpreting the instruction in the light of the whole charge, as we are required to do, it would seem that what he meant to say, and did say, within the understanding of the jury, was that personal transactions or communications had between parties or persons interested in the event and the deceased, were not offered by such witnesses to prove the truth of such transactions or communications, as tending within themselves to fix liability upon the estate, but as evidence of the mental condition of the deceased and in support of the witness' opinion concerning it. As thus understood, no harm is perceived as having come to the caveators. The verdict and judgment will be upheld.

No error.