ROBERT W. MIKEAL v. FIRST FEDERAL SAVINGS & LOAN ASSO-
CIATION, A BANKING INSTITUTION, AND LOU ELLEN W. PENNELL,
ADMINISTRATRIX C.T.A. OF THE ESTATE OF RHODA JANE W. JONES,
DECEASED

No. 7226SC748

(Filed 22 November 1972)

Evidence § 43— mental capacity to execute contract — opinion testimony —
exclusion of general questions

     In an action involving the mental capacity of decedent to execute
a contract with plaintiff establishing a joint savings account with
right of survivorship, the trial court properly sustained plaintiff's
objections to general questions seeking to obtain opinion testimony
as to decedent's physical and mental condition during a specific period
of time since the questions did not relate to the mental capacity of
decedent to know and understand the nature and effect of the contract
in question.

APPEAL by defendant administratrix from *Snepp, Judge,*
29 May 1972 Schedule A Session of Superior Court held in
MECKLENBURG County.

This is an action for declaratory judgment to determine
the rights of plaintiff and the estate of Rhoda Jane Watson
Jones to the proceeds of a savings account on deposit in defend-
ant savings and loan association.

The defendant administratrix is the qualified and acting
administratrix of the estate of Rhoda Jane Watson Jones (here-
inafter referred to as Jane W. Jones), who died on 8 March
1971. It was stipulated by the parties that on 21 December
1965 plaintiff and Jane W. Jones executed a written agreement
which established between themselves and the defendant sav-
ings and loan association a joint savings account with the right
of survivorship; that the agreement and account is designated
by defendant savings and loan association as No. 28290; that
the amount of $6,377.84 was the initial deposit to said account
by Jane W. Jones; and that plaintiff provided none of the con-
sideration or did not contribute to said account. It was judicially
admitted by the administratrix that the estate of Jane W. Jones
contained sufficient assets, without consideration of the account
here in controversy, to pay all claims, debts, and charges of ad-
ministration.

Defendant administratrix alleges undue influence upon
Jane W. Jones by plaintiff, and mental incapacity of Jane W.

Jones to execute the contract for the joint account with right of survivorship.

Plaintiff offered the judicial admissions and the stipulations and rested. Defendant offered the testimony of several witnesses in an effort to show mental incapacity. At the close of defendants' evidence, upon plaintiff's motion, the trial judge directed a verdict for the plaintiff upon the issue of the mental capacity of Jane W. Jones.

*Lane & Helms, by Thomas G. Lane, Jr., for the plaintiff.*

*J. C. Sedberry and Don Davis for the administratrix.*

BROCK, Judge.

All of the facts necessary to the establishment of a *prima facie* case for plaintiff were either judicially admitted or formally stipulated. The fact of the execution by plaintiff and Jane W. Jones of a contract which established the account in question as a joint savings account with the right of survivorship; and the fact that the assets of the estate of Jane W. Jones were sufficient, without consideration of the savings account in question, to pay all debts, claims, and charges of administration, entitled plaintiff, nothing else appearing, to a judgment declaring him to be entitled to the proceeds of the savings account in question. The questions of undue influence and of the mental incapacity of Jane W. Jones to execute the contract were raised by the administratrix. These were the only issues which remained to be resolved, and the burden of proof was upon the administratrix.

Defendant administratrix offered several witnesses and proposed to obtain opinion testimony from them. Objections to the questions were sustained in each instance and defendant administratrix assigns these rulings as errors. These assignments of error are without merit.

"Anyone who has observed another, or conversed with him, or had dealings with him, and a reasonable opportunity, based thereon, of forming an opinion, satisfactory to himself, as to the mental condition of such person, is permitted to give his opinion in evidence upon the issue of mental capacity, although the witness be not a psychiatrist or expert in mental disorders." *In re Brown*, 203 N.C. 347, 166 S.E. 72. *See also, Moore v. Insurance Co.*, 266 N.C. 440, 146 S.E. 2d 492; Stansbury, N. C.

Evidence 2d, § 127. However, this rule presupposes an inquiry or question relating to mental capacity to know and understand the nature and effect of the kind of transaction involved in the litigation.

The following is generally typical of the questions to which objections were sustained:

"Q. Well, Mrs. Pennell, will you describe to His Honor and the jury the physical and mental condition of your sister, Mrs. Jones, from September 14, 1965 to December 21, 1965?"

The vice of such a general question is fully exemplified in the answer to the question which was allowed in the absence of the jury. We will not reproduce here the dissertation delivered by the witnesses. Suffice to say, much of it was not relevant to the case, much of it was clearly hearsay, and none of it bore directly upon the mental capacity of decedent to know and understand the nature and effect of the contract she signed with plaintiff to establish a joint savings account with right of survivorship. The objections to the questions were properly sustained.

Defendant did not undertake to offer evidence of undue influence, therefore no issue concerning this was before the court. Having failed in her effort to offer competent evidence of mental incapacity, she failed to offer sufficient evidence to justify submission of that issue to the jury. Therefore, a directed verdict for plaintiff was properly entered.

Affirmed.

Chief Judge MALLARD and Judge BRITT concur.