IN THE MATTER OF THE WILL OF BETTY FUTRELL RICKS, DECEASED

No. 756SC748

(Filed 3 March 1976)

1. **Evidence § 43; Wills § 22— mental capacity — nonexpert opinion**

   One not an expert may give an opinion, founded upon observation, that a certain person is sane or insane, and the extent of the witness's observation affects the weight to be given the opinion testimony, not its admissibility.

2. **Evidence § 11— dead man's statute — mental competency of decedent — proof of undue influence**

   Where there is an issue of mental capacity of a decedent, G.S. 8-51 does not prohibit an interested witness from relating personal transactions and communications between himself and the decedent as a basis for his opinion as to the mental capacity of the decedent; however, the statute requires rejection of such testimony when it affirmatively tends to prove vital and material facts which contradict the charge of undue influence.

3. **Evidence § 11; Wills § 21— dead man's statute — evidence rebutting charge of undue influence**

   In this caveat proceeding, testimony by the sole beneficiary under the will as to conversations and transactions with testatrix involving the drafting and signing of the will was improperly admitted by the court since it tended to establish the will as the voluntary act of the testatrix and to rebut the charge of undue influence, and prejudice to the caveators from admission of such testimony was not removed by the court's instruction limiting the jury's consideration of the testimony to the witness's opinion of the testatrix' mental capacity.

   Judge BRITT dissenting.

APPEAL by caveators from *Tillery, Judge.* Judgment entered 14 April 1975 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 15 January 1976.

Betty Futrell Ricks, a resident of Northampton County, died testate on 25 July 1974. She left surviving five daughters and one son. By a paper writing dated 12 July 1973, Betty Futrell Ricks purported to devise and bequeath all of her property to her son, Grady Venton Ricks. The son was also named as executor. The paper writing dated 12 July 1973 was admitted to probate in common form, and letters testamentary were issued to Grady Venton Ricks.

On 11 October 1974 the five daughters of decedent filed a caveat to the 12 July 1973 paper writing, alleging undue in-

fluence and mental incapacity. This appeal by caveators is from a trial of the issue of *devisavit vel non* and from a jury verdict sustaining the 12 July 1973 paper writing as the last will and testament of Betty Futrell Ricks.

*Johnson, Johnson & Johnson, by Bruce C. Johnson, for the propounder.*

*Weeks, Muse & Surles, by T. Chandler Muse and Cameron S. Weeks, for the caveators.*

BROCK, Chief Judge.

[1] The caveators assign as error the admission of testimony from propounder's witnesses bearing upon the mental capacity of the testator. It has long been the rule in this State that one not an expert may give an opinion, founded upon observation, that a certain person is sane or insane. *Whitaker v. Hamilton,* 126 N.C. 465, 35 S.E. 815 (1900). Where opportunity for observation is shown, the extent of such observation affects the weight to be given the opinion testimony, not its admissibility. *In re Will of Brown,* 203 N.C. 347, 166 S.E. 72 (1932). This assignment of error is overruled.

Caveators assign as error the admission of the testimony of Grady Venton Ricks, the sole beneficiary under the will offered for probate, of transactions with testator surrounding the drafting and signing of the contested will. Before the testimony was given and immediately following the testimony, the trial judge gave cautionary instructions to the jury. In these instructions he undertook to limit the jury's consideration of the testimony to its bearing upon the witness's opinion of testator's mental capacity.

[2] General Statute 8-51 does not prevent an interested witness, where there is an issue of mental capacity, from relating personal transactions and communications between the witness and a decedent *as a basis for his opinion as to the mental capacity of the decedent;* however, the statute requires rejection of such testimony of personal transactions and communications between an interested witness and a decedent when it affirmatively tends to prove vital and material facts which contradict the charge of undue influence. *Whitley v. Redden,* 276 N.C. 263, 171 S.E. 2d 894 (1970) ; *In re Will of Chisman,* 175 N.C. 420, 95 S.E. 769 (1918).

In re Will of Ricks

[3]   In this case the issue of undue influence exerted upon the testator by Grady Venton Ricks, the sole beneficiary under the will offered for probate, was raised by the caveat and was submitted to the jury. The challenged testimony related solely to conversations and transactions between the witness, Grady Venton Ricks, and the testator. It related a request by testator that the witness take her to have a will drawn; the witness making an appointment with an attorney at testator's request; the witness driving testator to the attorney's office at testator's request; testator's instruction to the attorney on the provisions of her will; the witness driving testator back to the attorney's office to sign the will; the attorney's explanation to testator of what the will provided; the testator's statement that it was like she wanted it; the testator's request of the attorney and his secretary to sign as witnesses; and testator's request of the attorney that he keep the will in a safe place for her.

These conversations and transactions with the testator testified to by the witness were not casual conversations and transactions upon some indifferent subjects admitted in evidence as a basis for forming an opinion upon the sanity of the testator. These declarations and transactions constitute very vital evidence tending to establish the will and to rebut the charge of undue influence. Such declarations and transactions may not be proven by a witness interested in the result of the action. *In re Will of Chisman, supra.* The challenged testimony was so directed and weighted towards proving facts essential to establish the will as the voluntary act of the testator and rebut the charge of undue influence, rather than the basis of the witness's opinion as to sanity, that it became impossible for the trial judge to effectively remove the prejudice to caveators by a limiting instruction. Therefore, a limiting instruction by the court could not make the evidence admissible. *Whitley v. Redden, supra.*

New trial.

Judge MORRIS concurs.

Judge BRITT dissenting.

Caveators challenged the validity of the will in question on the grounds that (1) testatrix did not have sufficient mental capacity to make a will, and (2) that her signature to the

purported will was procured by Grady Venton Ricks through undue influence and duress. The burden of proof was on caveators on both of said propositions of law. 7 Strong, N. C. Index 2d, Wills § 18.

While considerable evidence was presented by caveators and propounders tending to show the mental capacity of testatrix on 12 July 1973, caveators presented little if any evidence tending to show the exercise of undue influence by Grady Venton Ricks. Although undue influence may be proved by circumstantial evidence, *In re Will of Beale,* 202 N.C. 618, 163 S.E. 684 (1932), the influence must be sufficient to amount to a substitution of the will of the influencing party for that of the testatrix. *In re Will of Franks,* 231 N.C. 252, 56 S.E. 2d 668 (1949).

A careful review of the testimony leads me to conclude that about the only evidence of undue influence in this case was inferences that might be drawn from the challenged testimony of Grady Venton Ricks. In this testimony he told how *he* made the appointment with the drafting attorney, his transporting the testatrix to the attorney's office, and even going with the testatrix into the attorney's office while she gave instructions regarding the will. The majority holds that this testimony constituted vital evidence tending to establish the will and "to rebut the charge of undue influence." I respectfully disagree. Without the challenged evidence, where was there any evidence of undue influence?

Assuming, *arguendo,* that the admission of the testimony was error, I do not think the error was sufficiently prejudicial to caveators to warrant a new trial. This case was tried primarily upon the issue of lack of mental capacity and the evidence would have supported a verdict either way on that issue. My vote is to leave undisturbed the verdict and judgment of the trial court.