12002

SOUTH CAROLINA COTTON GROWERS' COOPERATIVE
ASSOCIATION v. ENGLISH

(133 S. E., 542)

1. Agriculture.—Statements in nature of future promises and expectations *held* not to establish fraud vitiating contract between cotton grower and co-operative association.

Note: Contracts in partial restraint of trade, as affected by Federal Anti-Trust Acts, see note in 9 L. R. A. (N. S.), 446.

20   S. C. Cotton Growers Co-op. Assn. *v.* English

Circuit Decree                    [135 S. C.

2. Monopolies—Contract Between Cotton Grower and Co-operative Association Held Not Violative of State or Federal Anti-Trust Laws (Civ. Code, 1922, § 3427; U. S. Comp. St., § 8835f).— Contract between cotton grower and co-operative association, *held* not violative of State or Federal anti-trust laws, in view of purposes of organization which are for promotion of co-operative cotton marketing, and express exemption (Civ. Code, 1922, § 3427; U. S. Comp. St., § 8835f).

3. Agriculture—Cotton Grower's Defense Against Co-operative Association That He Had Not Grown Cotton Held Not Sustained.— In co-operative association's action against cotton grower on contract, defense that defendant had grown no cotton *held* not sustained by evidence that he had turned his land over to his wife and farmed it as her manager at a fixed salary.

4. Fraudulent Conveyances.—Where rights of third persons are concerned, contracts between husband and wife are closely scrutinized.

5. Agriculture.—Cotton growers' co-operative association *held* entitled to permanent injunction against member's breach of contract, and to attorney's fees and liquidated damages in accordance with contract, for prior breach.

Before Bonham, J., Anderson, May, 1925.   Affirmed.

Action by the South Carolina Cotton Growers' Cooperative Association against C. G. English.   Judgment for plaintiff and defendant appeals.

The following is the decree of Judge Bonham in the trial Court:

This case came for a hearing before me, at Chambers, on the 8th day of May, 1925, on proper notice given, and upon the pleadings, the report of the Special Referee and exceptions thereto filed by the defendant, and the testimony taken by the Referee.

The action was commenced on the 22d day of September, 1924, by the service of summons and complaint upon the defendant.   The complaint alleges,  among other things, that the defendant was a member of plaintiff association, a corporation duly organized under the Act of the General Assembly of this State, commonly known as the Co-operative Marketing Act, and that he had breached the term of his membership contract by failing and refusing to deliver to

S. C. Cotton Growers Co-op. Assn. *v.* English    21

[9]                              Spring  Term,  1926

the plaintiff of any of the cotton produced by or for him for the year 1923, and asks liquidated damages, as provided in said contract, and also prays for a dercee for the specific performance of the contract, and for an injunction restraining the defendant from any further breaches of his contract and from disposing of any of the cotton produced by, or for, him or under his control during the years 1924, 1925, and 1926. The complaint also asks for judgment for reasonable attorney's fees, costs of suit, and for such additional sums as the plaintiff may have to expend in the prosecution of the action, as provided for in said contract.

The answer of the defendant, after generally denying the allegations of the complaint, except the formal parts thereof, sets up several defenses of an affirmative nature, among them, that the contract was obnoxious to the State and Federal anti-trust laws and for that reason invalid as being in restraint of trade; for lack of mutuality in the contract; for fraud in procuring the contract, by reason of false representations; for invalidity under both the State and Federal Constitutions; and also that the defendant had not breached his contract with plaintiff, for the reason that he had not produced any cotton during the year 1923.

The case was referred, by consent of counsel, to H. E. Bailey, Esq., the Probate Judge, as Special Referee, to take the testimony and report his findings and conclusions of fact. The testimony was taken by the Special Referee, and his report was duly filed.

The defendant duly filed exceptions to the findings and conclusions of fact contained in the report of the Special Referee.  After hearing argument of counsel for both plaintiff and the defendant, and after a careful consideration of the testimony, I have reached the conclusion that the contract between the plaintiff and the defendant is a valid contract, and that there were no false or fraudulent representations made by the plaintiff, or its agents, to the defendant, whereby he was induced to execute said contract and thereby be-

22   S. C. Cotton Growers Co-op. Assn. *v.* English

Circuit Decree                                    [135 S. C.

come a member of the plaintiff association. I concur with the Referee in his finding in this respect.

The statements alleged to have been made by plaintiff's agents were in the nature of future promises and expectations, and were not misstatements of any past or existing facts, upon which a charge of fraud might be founded. The rule is clearly stated in 12 Ruling Case Law, p. 224, as follows:

"As a general rule, in order to constitute actionable fraud a false representation must relate to a matter of fact, and such fact must be one which exists in the present or which existed in the past. It must also relate to a fact which is susceptible of knowledge; otherwise there is nothing in relation to which the person making it could state what he knows to be untrue."

As to the defense that the contract is invalid and illegal as being in restraint of trade under the State and Federal anti-trust laws, the Court is of the opinion that the contract between plaintiff and defendant is not subject to attack under the anti-trust laws, State, Federal, or at common law, for the reason that the contract does not attempt to unreasonably restrict trade or fix prices, but is intended to promote the legitimate interests of those engaged in agricultural pursuits. The plaintiff association appears to be strictly Co-operatve, and is composed of cotton growers only, and the organization purports to be for the purpose of "promoting, fostering, and encouraging the business of marketing cotton co-operatively, for reduction of speculation, and stabilizing cotton markets," on a nonprofit basis. The Court can find no law or reason to prevent growers of cotton or any other commodity, from organizing their marketing to the end that the product may be marketed, in an orderly way, and a reasonable profit obtained for the producers. The plaintiff association was organized pursuant to statute law of South Carolina, § 3427, Vol. 3, of the Code of 1922, which expressly exempts such associations from the

S. C. Cotton Growers Co-op. Assn. *v.* English    23

19]                           Spring Term, 1926

operation of the State anti trust laws, and, under the Federal Statutes relating to monopolies and combinations, agricultural organizations are expressly exempt. U. S. Comp. St., § 8835f. I hold, therefore, that the alleged defenses that the contract between the plaintiff and the defendant is contrary to public policy, that it is in contravention of the constitution of the State and of the United States, and that it is in contravention of the Acts of Congress relating to trusts and monopolies and the statute of this State with respect to the same subject, cannot be sustained. Such contentions have been disposed of by the decisions of the United States Supreme Court, and also of the State Courts, in which the same contentions have been made with respect to similar co-operative marketing Acts and contracts made thereunder. *Standard Oil Co. v. United States,* 221 U. S., 1; 31 S. Ct., 502; 55 L. Ed., 619; 34 L. R. A. (N. S.), 834; Ann. Cas; 1912-D, 734. *United States v. American Tobacco Co.,* 221 U. S., 106; 31 S. Ct., 632; 55 L. Ed., 663. *Phillips v. Iola Portland Cement Co.,* 125 F., 594; 61 C. C. A., 19. *Moore v. N. Y. Cotton Exchange* (C. C. A.), 296 F., 67, 68. *Oregon Grower's Co-operative Association v. Lentz,* 107 Ore., 561; 212 P., 811. *Northern Wisconsin Cooperative Tobacco Pool v. Berkedal,* 182 Wis., 511; 197 N. W., 936. *Texas Farm Bureau Cotton Association v. Stovall,* 113 Tex., 273; 253 S. W., 1101.

In the argument of defendant's counsel it was stressed that defendant, English, produced no cotton in 1923 and 1924, but this exception rests upon the validity of a contract defendant claims to have made with his wife, by the conditions of which he continued to farm as her manager on a salary of $1,000 per year. He claims to have turned his land over to his wife in part payment of a debt he owed her. The Referee finds as a fact that this contract was entered into for the purpose of evading, if possible, the obligation of his contract to deliver this cotton to plaintiff. In this finding I concur, and, since Mrs. English admits that

she knew her husband was a member, and that she told him soon after he signed that he had made a mistake, the Court is not inclined to hold her to be an innocent purchaser for value without notice. The intimate relationship existing between husband and wife causes a very close scrutiny of contracts between them, where rights of third persons are concerned, and, as between defendant and the plaintiff association, the Court holds this contract to be. void and ineffectual to relieve defendant, English, from his obligation to deliver his cotton to the association. The very life of the plaintiff association depends upon the adherence of its members to the terms of their mutual agreement, and the Courts will not look with favor upon any efforts of the members by subterfuge or otherwise to evade the spirit as well as the letter of their contract.

It is provided in the contract that a member selling or withholding from the association any cotton grown by him shall pay all the costs and expenses of the action, including a reasonable fee for plaintiff's attorneys, and that he shall also pay liquidated damages of 5 cents per pound for his breach of contract. The contract also provides that, in the event of a breach or a threatened breach of contract on the part of any member, the association shall be entitled to an injunction to prevent further breach thereof, and to a decree for specific performance. The Court is satisfied that a fee of $150 to plaintiff's attorneys is reasonable, and, since this action was begun before the time for delivering the 1924 crop had expired, the Court is of the opinion that in this particular action, the plaintiff would be entitled only to the liquidated damages asked for in the complaint for the crop of 1923, and in addition to a permanent injunction to a decree for specific performance of his contract as to the crops of 1924 and 1925 and 1926.

Mrs. Ella English, the wife of defendant, not being made a party to this action, I cannot, of course, make any order affecting her or her rights. I think it proper, however, that

she be served with notice of the injunction and a copy of this decree.

It is therefore adjudged and decreed:

(1) That the findings of fact and conclusions of the Special Referee herein be, and they hereby are, confirmed.

(2) That the plaintiff have judgment against the defendant, C. G. English, for liquidated damages for breach of his contract with the plaintiff association, in the sum of $300, being 5 cents per pound for 6,000 pounds of cotton produced during the year 1923, which he failed to deliver to the plaintiff according to the terms of his membership contract, and also the further sum of $150 as a reasonable attorney's fee for plaintiff's attorneys, and also for the costs and expenses of this action.

(3) That the defendant, C. G. English, his agents, servants, and attorneys be, and they hereby are, restrained and enjoined from any further breach of any provision of his said contract and agreement with the plaintiff regarding the delivery of cotton for the years 1924, 1925, and 1926, and also from selling, disposing of, or delivering any or all of the cotton that may be produced by him or for him, or under his control, during the years 1924, 1925, and 1926, to any person, or persons whomsoever, other than the plaintiff in this action, in compliance with the terms of his said membership contract and agreement.

(4) That the defendant, C. G. English, be, and he hereby is, required specifically to perform the terms and provisions of his membership contract and agreement with the plaintiff regarding the delivery of cotton, and he is hereby required to specifically perform his said contract by delivering to the plaintiff any and all cotton that may have been produced by him or for him, or under his control, for and during the years 1924, 1925, and 1926.

(5) That a copy of this decree for injunction and specific performance of his said contract be forthwith served upon the defendant, C. G. English, and that a copy thereof also

be served upon Mrs. Ella English, the wife of the defendant, C. G. English.

(6)  That plaintiff have leave to apply at the foot of this decree for any further or additional orders that may be necessary to enforce the provisions of this decree.

*Mr. A. H. Dagnall,* for appellant, cites: *Findings of fact by Referee unexcepted to binding on parties:*  69 S. C., 24; 45 S. C., 262; 43 S. C., 103; Code Civ. Pro., 1922, Sec. 594; Rule 30 of Circuit Courts, 1922.

*Messrs. McDonald & McDonald,* for respondent, cite: *Court will not enforce contract operating as fraud on third party:*  6 R. C. L., 721; 13 C. J., 413 and 490.  *Transfers between relatives to injury of creditors:*  105 S. C., 88; 56 S. C., 169; 19 S. C. L., 16; 17 L. R. A. (N. S.), 310; 12 R. C. L., 547.  *Contracts seeking to avoid performance of cooperative marketing agreements set aside:*  116 Kan., 522, 227 P., 336; 212 P., 811; 270 S. W., 561; 205 Ky., 515; 266 S. W., 24; 150 Tenn., 614; 266 S. W., 308.

May 31, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

In this cause, the decree of his Honor, Circuit Judge M. L. Bonham (which will be reported), seems to us to be in full accord with the law, equity, and justice, and the same is affirmed in all respects.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and STABLER concur.