IN RE LAST WILL AND TESTAMENT OF THOMAS FRANCISCO
BROCKWELL.

(Filed 16 October, 1929.)

1. **Wills D i—Instruction in this caveat proceeding held not to be ex-
   pression of opinion by court as to validity of the will.**

   Where the judge in his charge upon a caveat to a will uses the word
   "will" in referring to the paper-writing being propounded, it will not be
   held as an expression of the court upon the weight and credibility of the
   evidence contrary to the requirements of the statute when it appears from
   the context of the instruction that he was only referring to the writing
   itself, and must have been so understood by the jury.

2. **Wills D h—Caveators must show fraudulent substitution of sheets when
   relied on by them.**

   Upon the trial of a caveat to a will where it is contended that one of
   the several sheets of the writing had been substituted for the original, the
   caveators must show a fraudulent substitution, and they cannot prevail in
   this contention when there is no evidence thereof; and where it appears
   on appeal that the jury has accepted the evidence to the contrary under
   correct instructions, the judgment of the lower court sustaining the paper-
   writing as the will will be sustained.

3. **Appeal and Error J e—In this case held: error, if any, in the admis-
   sion of certain testimony was harmless.**

   Testimony of a witness over appellant's exception in explanation of
   matter elicited from him on cross-examination, with but little, if any,
   bearing upon the issue submitted, is not held for reversible error under
   the facts of this case.

APPEAL by caveators from *Harris, J.,* at second June Term, 1929, of
WAKE. No error.

This is a proceeding for the probate in solemn form of a paper-writing
propounded as the last will and testament of Thomas Francisco Brock-
well, deceased. The paper-writing had been probated in common form
by the clerk of the Superior Court of Wake County. Upon the filing of
a caveat to said probate, the proceeding was transferred to the civil issue
docket of the Superior Court of said county, as provided by statute.

The issue submitted to the jury was answered as follows: "Is the
paper-writing offered in evidence and every part thereof the last will
and testament of Thomas Francisco Brockwell? Answer: Yes.

From judgment on the verdict, caveators appealed to the Supreme
Court.

*W. B. Jones for propounders.*

*W. F. Evans, C. A. Douglass, R. L. McMillan and T. Lacy Williams
for caveators.*

CONNOR, J. An examination of the record in this appeal fails to disclose any error for which a new trial of the issue involved in this proceeding should be granted. We do not, however, approve the form of the issue submitted to the jury at the trial.

A paper-writing propounded as the last will and testament of a deceased person is not necessarily offered in evidence. In this case, however, the paper-writing was offered in evidence upon the contention that some of the sheets of paper constituting the will as propounded, were not attached to the last sheet, when the testator and the witnesses wrote their names on said sheet. Ordinarily the paper-writing should be described in the issue as "the paper-writing propounded as the last will and testament of the deceased."

There was evidence tending to show the execution by the deceased of the paper-writing propounded for probate as his last will and testament, in accordance with the requirements of the statute. C. S., 4131; this evidence was submitted to the jury under instructions of the court which are free from error. The reference by the court in the charge to the jury to the paper-writing as "the will," could not have been understood by the jury as an expression by the court of its opinion that the paper-writing was the will of deceased. The context shows that the court in the use of the word "will" was referring to the paper-writing.

The jury has found that the paper-writing consisting of sheets of paper attached to each other by clips or fasteners, such as are in ordinary use, and every part thereof, was executed by the deceased as his last will and testament. There was ample evidence to sustain this finding. Indeed, it may be doubted whether there was any evidence to the contrary. There was certainly no evidence to support a suggestion that there had been a fraudulent substitution of sheets of paper, before or after the deceased and the witnesses signed the last sheet. The testimony of the draftsman of the will—a lawyer of experience and of high character—was accepted by the jury as conclusive upon this phase of the case.

Conceding that there was evidence in support of the contentions of the caveators, sufficient to rebut the presumption to the contrary, (1) that the deceased, at the time he signed said paper-writing did not have sufficient mental capacity to make a will, or (2) that he signed said paper-writing because of undue influence, and that for either reason the said paper-writing is not his last will and testament, we find no error in the submission of these contentions to the jury at the trial. Under instructions which we find free from error, the jury has found that the deceased, at the time he signed the paper-writing did have sufficient mental capacity to make a will, and that he did not sign the same because of undue influence.

There was no prejudicial error in the refusal of the court to sustain objections of the caveators to the testimony of one of the propounders, a son of the deceased and a devisee under the will, with respect to the relations between him and the deceased, his father. This testimony had little, if any, probative value as evidence upon the issue submitted to the jury; it was offered solely in explanation of matters elicited from the witness by the caveators on cross-examination. If it was error to overrule the objections of caveators, the error was harmless.

We do not deem it necessary to discuss *seriatim* the assignments of error on this appeal. They present no questions which have not been repeatedly decided by this Court. The principles of law ordinarily applicable in a proceeding of this nature are so well settled by decisions of this Court, that these decisions need not be cited.

The judgment in the proceeding is affirmed. There is

No error.