15776

ROBBINS v. DINKINS

(35 S. E. (2d), 697)

*Mr. Shepard K. Nash,* of Sumter, Counsel for Appellant,

*Messrs. DuRant, DuRant and Plowden,* of Manning, Counsel for Respondent,

October 31, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the Opinion of the Court.

This appeal comes to this Court from Clarendon County where a final judgment was entered in an action of S. L. Robbins against V. R. Dinkins in May 1941. Execution was issued under which Homestead was set off on August 6th, and the same day levy was made on a saw and planing mill operated by the Defendant V. R. Dinkins in Clarendon County. Notices of adverse claims having been given the Sheriff, this action was begun on August 15th, 1941 to determine the respective liens and interests of all of the parties in the said property.

The Defendants having answered setting up their various claims, the cause was referred to John D. Lee, Special Ref-

eree, who made his report. The pertinent parts of which for the purpose of this appeal are:

Pursuant to order of Hon. Philip H. Stoll, Judge of the Third Judicial Circuit, dated August 20, 1941, the undersigned was appointed Special Referee, "for the trial of this case, with instructions to take evidence upon all of the issues involved herein and report same with his findings of law and fact thereon, and that he have leave to report any special matters." The said order further provides "that all the parties to this action are required to come in and file any claims that they may have title to or interest in or liens upon the personal property levied upon by the Sheriff in this action and more particularly described in the notices and written claims filed/with the Sheriff herein."

In January 1940, an action was commenced in the Court of Common Pleas for Clarendon County wherein S. L. Robbins was plaintiff, and V. R. Dinkins was defendant. This cause regularly proceeded and resulted in a judgment rendered on March 25, 1941, in favor of the plaintiff, S. L. Robbins, and against the defendant, V. R. Dinkins, for the sum of $1,504.15, which judgment was duly entered and enrolled as Judgment Roll No. 7806 in the office of the Clerk of Court for Clarendon County. Thereafter on June 14, 1941, an execution was issued on the aforesaid judgment and placed in the hands of J. E. Gamble, Sheriff of said County. Pursuant to such execution the Sheriff of Clarendon County procured the appointment of appraisers to set off the defendant, V. R. Dinkins, a homestead exemption in personal property. These appraisers set off to said defendant as his homestead exemption certain machinery, and thereupon the said Sheriff levied upon all of the remainder of the property used by said defendant in the operation of the sawmill and planing mill plant which was located about three miles from Manning, in Clarendon County. Numerous claimants filed

written notices and claims with the Sheriff claiming title to or interest in, or liens upon the personal property so levied upon by the Sheriff. Thereafter, this action was commenced by the said S. L. Robbins, judgment creditor, against V. R. Dinkins, judgment debtor, and against all other known claimants, or creditors, who were required to come into this action and prove their claims.

The defendant, Claud M. Dinkins, filed a notice with the Sheriff claiming that he is the owner of and entitled to immediate possession of 1 75 H. P. Erie City steam engine; 1 H. B. Sturdevant steam engine; and the entire stock of lumber that the said V. R. Dinkins may have at any time at his place of business in Clarendon County, by virtue of default in a chattel mortgage executed to him by V. R. Dinkins dated December 2, 1940, and recorded in Chattel Mortgage Book 62, at page 2573. In his answer this defendant made similar claim to the above-mentioned engines and lumber by reason of default in the said chattel mortgage, and he further claimed that the 75 H. P. Erie City Engine above referred to had been purchased by him from the Manning Lumber Company and loaned to the defendant, V. R. Dinkins; and he further claimed that he was the owner and entitled to the immediate possession of one 52″ saw blade inserted tooth type; also one 48″ solid tooth saw; also one blower system complete; also one shaft with "Manning Oil Mill" stamped thereon; also one truck tire and wheel 32 x 6. The above-mentioned chattel mortgage was offered in evidence. It is dated December 2, 1940, and duly recorded on April 19, 1941, and states that it secures four notes, each for the sum of $250.00, maturing February 6, 1941, May 6, 1941, August 6, 1941, and November 6, 1941, with interest from the maturity of said notes at the rate of 5% per annum; default in the payment of any of same to make the entire amount due and collectible. This defendant testified that the balance due on said notes was the prin-

cipal sum of $915.00 and interest, there having been a payment of $85.00 on account of the said indebtedness, the date of which payment was not stated. This defendant is a brother of the defendant, V. R. Dinkins. He was cross examined as to the items going to make up the indebtedness of $1,000.00. He testified that he did not keep any books and that the only account which he had was a lumber account which showed a balance due him by his brother on account thereof of the sum of $475.10. The other items going to make up the indebtedness as testified to by him were as follows:

Hauling two boilers from N. C. ............$200.00

Hauling Edger from Wilmington, N. C. ...... 50.00

Hauling Planer from McBee, S. C. .......... 50.00

Hauling old boiler, ect., from Charleston, S. C.    40.00

Installing boiler and repairing planer, etc. .... 175.00

and that these transactions occurred in 1939 and 1940. I think that this defendant has sufficiently established the indebtedness due him and that he should have judgment therefor against V. R. Dinkins, and that the property described in the above-mentioned mortgage, or so much as is still owned by the defendant, V. R. Dinkins, should be sold and the proceeds thereof, less the expenses of sale, be applied to the payment and discharge of the said indebtedness.

As to the other items claimed by this defendant in his answer, to wit: 2 saws, a blower system complete, and shaft, and a truck tire and wheel, the evidence is not clear as to how or when these articles came into the possession of the defendant, V. R. Dinkins. This defendant, however, testified that he had purchased these items, or the majority of them, in 1932 and 1933. They are not included in the mortgage nor is there any instrument of writing with respect to any of them. The only reasonable inference to be drawn from

the testimony is that these articles were placed at the plant of V. R. Dinkins and used by him in his operations prior to the recovery of the judgment by the plaintiff herein and prior to the levy by the Sheriff under the execution issued thereon. Consequently, I think that these articles have now become subject to the lien of that judgment and that any claim of the defendant, Claud M. Dinkins, is junior and subsequent thereto.

Upon exceptions thereto, the Honorable P. H. Stoll passed his decree embodying the following:

"This brother of the debtor, V. R. Dinkins, claims under a mortgage for $1,000.00, dated December 2nd, 1940. This claimant produces no books and says that he does not keep any—which is peculiar in view of the fact that he is operating a gin and flour mill. He has a carbon copy of an account or several accounts which he claims were between him and his brother in 1939 and which he claims shows a balance due of $475.10. He claims all of it is due and that he carried the original in his pocket, trying to collect it, until he wore it out. The other items which make a total of $1,000.00 are all for machinery and include several trips and hauls by trucks to Charleston, McBee, Wilmington and some other place in North Carolina, and also includes— strange to relate—repairs and labor furnished months after the mortgage date but included in the mortgage made on December 2nd, 1940.

"It is well here to bear in mind that this claimant is a brother of the judgment debtor, V. R. Dinkins, and that he has seen him once or twice a week, but that he never heard of this litigation or the judgment until the levy was actually made. Something had been paid on his debt and not credited. He says that he got some lumber from his brother, but does not know how much. Also got some sash that were credited, and the following is characteristic:

" 'Q. And you never did have any book account of any of these things? A. No,

" 'Q. And you never did have any credits on them? A. No.

" 'Q. He never did pay you anything? A. He paid a little along.

" 'Q. How much did he pay you? A. I don't know.

" 'Q. You have no idea of it? A. No, I have not.'

"This brother, Claud M. Dinkins, first filed only a claim to the property described in his mortgage and claimed same under his mortgage. In his answer filed some weeks later he claimed to be the owner of a considerable amount of other property, including the Erie Engine mentioned in mortgage, and his explanation was that he took a mortgage on it because he wanted to be secured of the engine—'I didn't want him to sell it or get rid of it.'

"Another unusual situation is that his brother sawed lumber for him and they never had any definite understanding as to how much he was to pay his brother for it.

"Taking into account the close relationship between the parties and the evident attempt to cover up the property and prevent its being sold under the execution, it is evident that the claims of this Defendant are entirely lacking in the definite and clear disclosure and proof that the law requires under these circumstances; and this claim is disallowed."

From this decree, the claimant, Claud M. Dinkins, now appeals to this Court alleging error on the part of the Circuit Judge in not holding that the mortgage of Claud Dinkins was a valid mortgage, and that the order settling the case for appeal required the appellant to print irrelevant and redundant matter.

Claud Dinkins, the mortgagee, being a brother of V. R. Dinkins, the debtor-defendant, this case comes within the following rule of law:

"Where transfers to members of the family are attacked either upon the ground of actual fraud or on account of their voluntary character, the law imposes the burden on the transferee to established both a valuable consideration and the *bona fides* of the transaction by clear and convincing testimony. *Epworth Orphanage v. Strange,* 148 S. C., 500, 504, 146 S. E., 414 (1) and cases cited; *Virginia-Carolina Chemical Co. v. Hunter,* 94 S. C., 65, 68, 69, 77 S. E., 751; *Strickland v. Jones,* 131 Ga., 409, 62 S. E., 322, 323, 324; *Tucker v. Weathersbee,* 98 S. C., 402, 406, 82 S. E., 638; *Gray v. Collins,* 139 Ga., 776, 78 S. E., 127, 128, 129; *Younger v. Massey,* 39 S. C., 115, 17 S. E., 711; *Barrett & Co. v. Still,* 102 S. C., 19, 29, 86 S. E., 204; *Bank v. Dowling,* 52 S. C., 345, 366, 29 S. E., 788; *South Carolina Cotton Growers' Co-Op. Ass'n v. English,* 135 S. C., 19, 133 S. E., 542; *Epworth Orphanage v. Strange,* 158 S. C., 379, 155 S. E., 594; *Bailey v. Blackmon,* 3 F. (2d), 252, 253 (C. C. A. S. C.)." *Gardner v. Kirven,* 184 S. C., 37, 191 S. E., 814.

A close study of the testimony reveals that the judgment in the original action of *Robbins v. Dinkins* was obtained on March 25, 1941; that the mortgage of Claud Dinkins was recorded April 19, 1941, and the appeal dismissed in May 1941. The mortgage was written by the debtor, V. R. Dinkins, dated December 2, 1940, and for no reason disclosed in the testimony remained off record from this date until shortly after judgment was obtained.

The mortgage covers two engines and the lumber on the yard and the claim filed with the Sheriff set up only this mortgage. However, upon trial of the case, ownership of one of the engines is claimed, together with a blower system complete with pipeline, fan and several pulleys, also one truck wheel and tire. Explaining that he took a mortgage over the Erie engine (which he says he already owned) because he did not want him to "sell it or get rid of it", al-

though this engine had been used by V. R. Dinkins for a number of years, and that he had no knowledge of his brother's financial difficulties until August, 1941, when levy was actually made, while admitting that he saw him "once or twice a week".

The testimony as to dates and amounts due is very indefinite and at times actually conflicting. Although the mortgage is dated December 2, 1940, upon cross examination the claimant testified that the total amount claimed was made up of various items including labor and repairs and that some of this was performed in the spring of 1941.

The testimony is so replete with indefinite answers and lack of definite information on the part of the claimant that this Court is of the opinion that the trial Court was justified in holding that the claims of the defendant were lacking in that degree of proof required under the circumstances. The trial Judge in settling the case upon appeal evidently was aware that it is always desirable that the Court have the full facts and in order to do this ordered the printing of the full report and decree. In this, the Court sees no error.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE and OXNER concur.

MR. ASSOCIATE JUSTICE STUKES did not participate.