IN THE MATTER OF THE LAST WILL AND TESTAMENT OF MAGGIE NIPSON LOMAX, DECEASED.

(Filed 18 September, 1946.)

**1. Wills § 17—**

A caveat proceeding is *in rem* and many of the ordinary rules relating to order of proof and argument do not obtain.

**2. Wills § 23½a—**

Caveators by admitting the due execution of the will and its probate in common form cannot deprive the court of its discretionary control over the order of proof or complain that propounders were permitted to open the evidence to prove the formal execution of the will *per testes* in solemn form, nor are caveators prejudiced or deprived of any substantial right if propounders exceed the necessity of a *prima facie* case by introducing competent evidence on the issue of mental capacity.

**3. Wills § 24½—**

Where both propounders and caveators introduce evidence, the right to the opening and concluding arguments is within the discretion of the trial judge, and further, since propounders have the burden of the issue, the concluding argument is appropriately theirs.

**4. Wills § 23b: Evidence § 32—**

G. S., 8-51, applies to caveat proceedings notwithstanding that they are *in rem*, with the exception that beneficiaries under the will are competent to testify as to transactions with deceased testator solely upon the issue of testamentary capacity.

**5. Wills § 23c: Evidence § 32—**

The prohibition against a beneficiary testifying as to transactions with deceased testator on the question of undue influence relates solely to transactions with the deceased, and a beneficiary is competent to testify as to circumstances tending to show undue influence on the part of the propounder unrelated to any transaction which the witness had with testator. G. S., 8-51.

**6. Wills § 25:  Appeal and Error § 39f—**

   Evidence of undue influence is usually of a circumstantial nature, and therefore an instruction which withdraws from the consideration of the jury competent testimony upon the issue must be held for prejudicial error, since the testimony may have substantial and material bearing upon the issue when considered with the other circumstances adduced by the testimony in the case.  Further, the instruction that the jury should not consider the testimony of named witnesses upon the issue of undue influence, but might consider their testimony upon the issue of testamentary capacity *is held* too indefinite.

APPEAL by caveators from *Alley, J.,* at April Term, 1946, of BUNCOMBE.

*Cecil C. Jackson, George F. Meadows, and W. W. Candler for caveators, appellants.*

*Carl W. Greene and Smathers & Meekins for propounders, appellees.*

SEAWELL, J.   This is the fourth time the present case has been here on appeal.   It is beginning to look as if the shade of Maggie Nipson Lomax, whose purported will has so long vexed the courts, may be as hard to down as Banquo's ghost.   She left only a small estate, valued at some $12,000.00, accumulated by thrift and frugality while chambermaid at a hotel in Asheville.   Counsel for the propounders, currently the winner, admonishes us that unless the litigation is stopped somewhere, "there is not going to be anything left for anybody finally," and adjures us "not to send the Lomax will case back."   We may as well confess a growing sympathy with that view, but we are at a loss to know how to make it a principle of decision.   Even a harried Court must salve its conscience.

The three former appeals are reported as follows: *In re Will of Lomax,* 224 N. C., 459, 31 S. E. (2d), 381; *In re Will of Lomax,* 225 N. C., 31, 33 S. E. (2d), 63; *In re Will of Lomax,* 225 N. C., 592, 35 S. E. (2d), 876.

Reference is made to the preliminary statement of the case in 224 N. C., 459, *supra,* for the constitutive facts of this case and the scope of the controversy.   We add only that the caveators attacked the validity of the will on the ground of undue influence, as well as mental incapacity, and separate issues involving these questions, as well as the issue *devisavit vel non,* were submitted to the jury on the trial now under review. With this understood, we confine our attention to the incidents of trial immediately bearing on the decision.

The appellants assign as error that notwithstanding their admission at the beginning of the trial that the purported will had been properly signed and witnessed, and had been admitted to probate in common form,

(a) the propounders had been permitted to "go to the bat" with their evidence first, thus getting the advantage of a first impression on the jury; and (b) that their counsel was permitted to conclude the argument to the jury.

Neither objection is meritorious. The proceeding is *in rem,* and in many of its incidents beyond the control of the litigant parties and outside the rules pertaining to ordinary controversies respecting the rights of persons arrayed as parties plaintiff and parties defendant. *In re Haygood's Will,* 101 N. C., 574, 578, 8 S. E., 222; *In re Will of Westfeldt,* 188 N. C., 702, 125 S. E., 531. When the issue of *devisavit vel non* is raised, the propounder may, *prima facie* at least, carry the burden resting upon him by producing the will and proving its formal execution *per testes* in solemn form. *In re Hedgepeth,* 150 N. C., 245, 63 S. E., 1025; *In re Rowland,* 202 N. C., 373, 375, 162 S. E., 897. The order in which the evidence is taken is largely within the discretion of the court, and the caveators could not by their voluntary admission deprive the court of that discretion and, so to speak, take charge of proceedings. 68 C. J., Wills, sec. 882 (2). For a like reason, although the propounders may have exceeded the necessities of a *prima facie* case in introducing competent evidence on the issue of mental capacity, caveators were not deprived of any substantial right or prejudiced thereby.

(b) Since both sides introduced evidence, the opening and conclusion was within the discretion of the trial judge. Moreover, since, as stated, the burden of establishing the will was upon the propounders, the conclusion of the argument was appropriately theirs.

We have attempted to clarify this feature of the trial, since a like situation may recur.

The caveators took 134 exceptions to the trial. Many of them are without merit, others marginal; and we are compelled to regard others as disclosing prejudicial error.

The appellants direct our attention to a rather sweeping statement of the trial judge during the course of his charge, the effect of which is to eliminate from consideration by the jury certain material evidence upon the question of undue influence, on the theory that certain witnesses testifying on that issue were not competent to give testimony by reason of their relation to the case. We quote the exceptive passages:

"I call your attention again to the witnesses that I mentioned this morning, Maggie Nesbitt, Frank Stevens and Sadie Smith, who were offered by the caveators and permitted to testify about the question of the mental capacity of Maggie Lomax and about the conduct of Quick.

"I instructed you this morning that part of the evidence is competent and part is not competent. Anything that any of them may have said that tended to show any undue influence on the part of Quick would not be competent, and it was admitted by inadvertence, the Court under-

standing at the time that it was offered, that while they were relatives, that they were not beneficiaries under the Will. Later the Court was advised that they were beneficiaries under the Will, and so my instruction to you is that you will not consider any part of the evidence of those three witnesses that tends to show any undue influence or other conduct tending to show that Quick had any influence, or exerted any influence over Maggie Lomax.

"As to B. R. Quick, who has been attacked by the caveators, and charged with having procured Maggie Lomax to make this Will by reason of undue influence exerted over her, it will be proper for you to consider his testimony in denial of the charge, . . . Counsel for both sides were frank and candid, having called the Court's attention to this inadvertence, and it was agreed by all that I would give this instruction that you would not consider the testimony tending to show undue influence except the testimony of Quick, but that you would consider the testimony of all of them that bears on the question of sufficient mental capacity of Maggie Lomax to make a Will."

These instructions must have been very confusing to the jury on a vital part of the controversy. The very general designation of the evidence supposed to be admitted and that supposed to be excluded was too indefinite as a chart and compass to lead the jury back through the maze of testimony offered to a satisfactory result.

If the court intended the jury to understand that beneficiaries under the will were, by reason of their interest, incompetent as witnesses upon the question of undue influence, which was doubtless his purpose, the instruction was erroneous in law.

It has been frequently held that as between the propounder or an interested executor and a person who is interested in the result of the trial, the statute now known as G. S., 8-51, rendering an interested survivor incompetent as a witness to a personal transaction with a deceased person, applies in a contest over a will, notwithstanding the proceeding is *in rem*. *In re Will of Brown* (Byron Brown), 203 N. C., 347, 166 S. E., 72; *In re Will of Brown* (George H. Brown), 194 N. C., 583, 595, 140 S. E., 192; *In re Hinton,* 180 N. C., 206, 104 S. E., 341. There is an exception when the evidence is directed solely towards the question or issue of mental condition or testamentary capacity. In that case, it is competent for the interested witness to give testimony of such transaction or conversation, solely, however, as a basis for the opinion formed as to the mental condition or capacity of the deceased. *McLeary v. Norment,* 84 N. C., 235; *In re Will of Brown, supra; In re Will of Brown,* 194 N. C., 583, *supra.* But as noted, the inhibition in its very nature can only apply to testimony as to a personal transaction with the deceased testator or testatrix.

It is only necessary to say that the witnesses excluded by this ruling of the court, several of them by name (including Sadie Smith, who was not a beneficiary under the will), had given testimony tending to show undue influence on the part of Quick, the propounder, not relating to any transaction which the witness had with the testatrix, but as to the conduct of the propounder and circumstances of at least some substantial bearing upon this issue.

Evidence of undue influence is usually of a circumstantial nature; *In re Will of Everett,* 153 N. C., 83, 68 S. E., 924; *In re Will of Stephens,* 189 N. C., 267, 126 S. E., 738; *In re Will of Hurdle,* 190 N. C., 221, 129 S. E., 589; Page on Wills, sec. 811; and "must, except in extreme cases, take a very wide range." Page, *supra,* sec. 812. Almost necessarily the proof must cover a multitude of facts or circumstances going into the pattern, in the making of which the evidence of many witnesses may have separate, but interrelated, parts, shading from light to heavy. We cannot judge of the importance of the bit of mosaic being laid at the time or the part of the pattern being woven except in connection with the whole design. So judged, we are convinced that at least some of the excluded evidence was competent, substantial and relevant to the issue.

In this exclusion there was error, and the caveators are entitled to a new trial.

Error and remanded.