IN RE WILL OF W. F. McDOWELL.

(Filed 13 April, 1949.)

**1. Appeal and Error § 6c (4)—**

A party should object not only to the question but also to the answer of the witness, and, when the answer is not responsive, move to strike, in order to properly present his exception to the testimony.

**2. Wills § 23b—**

Witness was asked his opinion of the mental capacity of deceased to make a will on the date the paper-writing was executed. Witness replied he did not know the decedent at that date and then gave his opinion as to his mental capacity on a date some four years thereafter. There were no circumstances to show that the latter date was too remote in point of time. *Held:* The admission of the testimony will not be held for reversible error, since no prejudice is made manifest.

**3. Evidence § 46b—**

A granddaughter of deceased, who had lived in his house and had received numerous letters from him, is competent to testify as to his handwriting, and her testimony that the letters in question were in his handwriting is sufficient authentication, and objection that she did not testify that she knew his handwriting is too attenuate.

**4. Wills § 23b—**

Personal letters written by decedent to his granddaughter, one of the propounders, are competent upon the issue of mental capacity, the prohibition of G.S. 8-51 in caveat cases applying only to evidence of undue influence.

**5. Wills § 25: Trial § 31e—**

In a caveat proceeding, reference in the charge to the paper-writing as the "will" of deceased will not be held for reversible error when it appears that the jury understood the nature of the proceeding and could not have been misled thereby.   G.S. 1-180.

Appeal by caveators from *Burgwyn, Special Judge,* December Term, 1948, of Randolph.

Issue of *devisavit vel non* raised by a caveat to the will of W. F. McDowell.

The alleged testator died 21 November, 1946, a resident of Randolph County.   A paper-writing, executed 24 February, 1942, and purporting to be his last will and testament, was probated in common form on 29 November, 1946.   Thereafter, on 16 April, 1948, a son of the deceased and three children of a deceased son filed a caveat to the probated instrument, alleging mental incapacity and undue influence at the time of its execution and publication.   Another son of the deceased and his children are the propounders.

The matter was thereupon transferred to the civil issue docket, and upon the hearing the jury sustained the paper-writing as the last will and testament of the deceased.

From judgment on the verdict, the caveators appeal, assigning errors.

*H. M. Robbins and Miller & Moser for propounders, appellees.*
*Smith & Walker and J. G. Prevette for caveators, appellants.*

Stacy, C. J.   The appeal presents for review (1) the competency of evidence, and (2) the correctness of the charge.

1. The propounders offered Dr. J. T. Barnes as a witness and asked his opinion of the mental capacity of the deceased to make a will in February, 1942.   He replied that he did not know the deceased in 1942; that he first met him in 1946, and at that time "he was perfectly normal—he talked that way anyway."

The caveators contend that the testimony of this witness was particularly hurtful since it came from a physician highly respected by the jury, and that it runs counter to the case of *In re Hargrove's Will,* 206 N.C. 307, 173 S.E. 577, where evidence of mental incapacity, more than two or three years after the execution of the alleged will, was held incompetent.

Initially, it should be observed that while the witness was asked to give his opinion as of February, 1942, he specifically limited his answer to 1946. Moreover, there was no objection to the answer and no motion to strike. *In re Will of Kestler,* 228 N.C. 215, 44 S.E. 2d 867.

It is the rule with us that on the issue of testamentary capacity, it is competent to show the mental condition of the maker a reasonable time before and after the execution of the paper-writing propounded as his will. *In re Will of Ross,* 182 N.C. 477, 109 S.E. 365. There are no circumstances here to render the evidence too remote in point of time. *In re Will of Brown,* 194 N.C. 583, 140 S.E. 192; *In re Will of Kestler, supra.*

Out of a large number of witnesses, there were three or four others, who, like Dr. J. T. Barnes, were allowed to speak of the mental capacity of the deceased sometime after the making of his will. All these exceptions fall in the same category and none can be sustained as no prejudice has been made manifest.

2. The propounders offered Sarah Margaret Boling, a granddaughter of the deceased, who had received numerous letters from him and who had lived in his home. She testified that the letters were in "my grandfather's handwriting," and they were offered in evidence. The caveators contend that the letters were not properly identified as the witness did not state she knew the handwriting of her grandfather, and further that they constitute personal transactions with the deceased which are prohibited by the "dead man's statute." G.S. 8-51; *Arndt v. Ins. Co.,* 176 N.C. 652, 97 S.E. 631; *In re Will of Brown,* 203 N.C. 347, 166 S.E. 72.

The authentication and competency of the letters are supported by what was said in *Lee v. Beddingfield,* 225 N.C. 573, 35 S.E. 2d 697; *In re Will of Brown,* 194 N.C. 583, 140 S.E. 192; *In re Will of Lomax,* 226 N.C. 498, 39 S.E. 2d 388; and *Batten v. Aycock,* 224 N.C. 225, 29 S.E. 2d 739.

3. The caveators also complain that in several instances in the charge, the court referred to the paper-writing as the will of the deceased, and that such references amount to an expression of opinion in contravention of G.S. 1-180. The exception appears somewhat meticulous, and we think too attenuate on the present record for practical purposes. In this respect, it appears that the court was only following the example set by counsel for caveators in the examination of some of the witnesses. The

jury understood that what they were trying was a caveat filed to a paper-writing which had been probated in common form as the will of the deceased, and because of the caveat it was then being offered for probate in solemn form. *In re Will of Puett,* 229 N.C. 8, 47 S.E. 2d 488; *In re Will of Neal,* 227 N.C. 136, 41 S.E. 2d 90; *In re Will of Cooper,* 196 N.C. 418, 145 S.E. 782.

The remaining exceptions to the charge are likewise too refined to work a new trial, or to call for elaboration. They are not sustained. The charge as a whole comes well within the established practice.

A careful perusal of the record leaves us with the impression that the issue has been tried in substantial conformity to the decisions on the subject, and that the verdict and judgment should be upheld.

No error.