IN THE MATTER OF THE WILL OF JOHN THOMAS HONEYCUTT, DECEASED.

(Filed 10 July 1968.)

Wills § 22—

In a caveat proceeding, reference in the charge to "the will" and "the codicil" of decedent will not be held prejudicial error where the jury is emphatically instructed that it is the sole judge of the facts, and where it appears from the context of the instruction that the jury must have understood that the court was only referring to the writings themselves, although the better practice is to refer to the writings as the "purported will" and the "purported codicil."

APPEAL by caveator from *Seay, J.,* and a jury, at November 1967 Session of CABARRUS.

This is a proceeding for the probate in solemn form of a paper writing propounded as the Last Will and Testament of John Thomas Honeycutt, deceased. The paper writing was probated in common form by the clerk of the Superior Court of Cabarrus County. Upon the filing of a caveat to the probate, the proceeding was transferred to the civil issue docket of the Superior Court of Cabarrus County, as provided by statute.

John Thomas Honeycutt died a resident of Cabarrus County, North Carolina, on 20 September 1964. His will, dated 26 May 1961, and codicil, dated 26 October 1963, were probated in common form on 25 September 1964, on which date Cabarrus Bank and Trust Company and A. B. Palmer qualified as Executors. A. B. Palmer died on 3 February 1965. Cabarrus Bank and Trust Company continued the administration of the estate as sole Executor.

By item 10 of his will, the decedent bequeathed to B. G. King and wife, Margaret Towell King, a niece of decedent, all of his stock

in the King Kotten, Inc., a corporation engaged in the bottling of soft drinks. By item 11 of his will, he devised to B. G. King and wife, Margaret Towell King, a certain two-story brick building located on South Church Street in the city of Concord, North Carolina. Approximately two years later the decedent executed a codicil to his will in which he revoked the above-mentioned bequest and devise to B. G. King, and provided that at his death the real estate and stock should pass directly to his niece, Margaret Towell King.

On 21 September 1967, B. G. King filed a caveat to the codicil of the last will and testament of John Thomas Honeycutt alleging ". . . that at the time of the purported execution of said paper writing by the said John Thomas Honeycutt, he, the said John Thomas Honeycutt, was by reason of old age, disease, and both mental and physical weakness and infirmity not capable of executing a last will and testament which condition existed and continued until the death of the said John Thomas Honeycutt."

The proceeding was tried on its merits at the November 1967 Session of the Superior Court of Cabarrus County, and the trial resulted in a verdict in favor of the propounder. Judge Seay entered judgment establishing the paper writing dated 26 May 1961, and the paper writing dated 26 October 1963, as the will of the decedent. The caveator excepted and appealed, assigning error.

*M. B. Sherrin, Jr. and R. L. Warren by R. L. Warren for caveator appellant.*

*E. T. Bost, Jr. and Williams, Willeford & Boger by John Hugh Williams for propounder appellee.*

MORRIS, J. The caveator assigns as error several portions of the charge in which the trial judge inadvertently referred to "the will" and "the codicil" of the decedent. Since the trial judge instructed the jurors in most emphatic language in other parts of the charge that they were "the sole judges of the facts" and that they were not to consider anything the court may have said or done during the progress of the proceeding as the expression of any opinion on the facts, we are satisfied "that these trivial lapses of the judicial tongue did no injury to the caveator." *In re Will of Kemp,* 236 N.C. 680, 73 S.E. 2d 906. *In re Will of McDowell,* 230 N.C. 259, 52 S.E. 2d 807. Although the better practice would be to refer to the script as the "purported will" and the "purported codicil" of the decedent, it will not be held as an expression of the court upon the weight and credibility of the evidence contrary to the requirements of G.S. 1-180 when it appears from the context of the instruction that

the trial judge was only referring to the writing itself, and must have been so understood by the jury. *In re Will of Brockwell*, 197 N.C. 545, 149 S.E. 852.

An examination of the record in this appeal fails to disclose any error for which a new trial of the issue involved in this proceeding should be granted. The remaining exceptions to the charge are too tenuous to require discussion and are overruled. The charge as a whole comes well within the established practice. The caveators have failed to show prejudicial error. The judgment establishing the script in controversy as the last will of John Thomas Honeycutt must be upheld.

No error.

CAMPBELL and BRITT, JJ., concur.